IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR, INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## **ORIGINAL COMPLAINT**

Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC files its Original Complaint against Defendants VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR, INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC., alleging as follows:

### **I.  THE PARTIES**

1.      Plaintiff INNOVATIVE GLOBAL SYSTEMS, LLC ("IGS") is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

2. Upon information and belief, VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC. ("Volvo Construction") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Asheville, North Carolina. Volvo Construction can be served with process through its registered agent CT Corporation Systems at 225 Hillsborough Street, Raleigh, NC 27603.

3. Upon information and belief, VOLVO TRUCKS NORTH AMERICA, INC. ("Volvo Trucks") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Greensboro, NC. Volvo Trucks can be served through its registered agent, the North Carolina Secretary of State's office at 2 South Salisbury Street, Raleigh, NC 27601.

4. Upon information and belief, KOMATSU AMERICA CORP. ("Komatsu") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in Rolling Meadows, Illinois. Komatsu can be served with process through its registered agent CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

5. Upon information and belief, CATERPILLAR, INC. ("Caterpillar") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Peoria, Illinois. Caterpillar can be served with process through its registered agent CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

6. Upon information and belief, HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC. ("Hyundai") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Elk Grove Village, Illinois.

Hyundai can be served with process through its registered agent Ki Saeng Song, 955 Estes Avenue, Elk Grove Village, IL 60007.

7. Upon information and belief, TOPCON TIERRA ("Topcon Tierra") is a joint venture between Topcon Positioning Systems, Inc. ("Topcon Positioning") and Divitech S.p.A. Topcon Tierra can be served with process by serving Topcon Positioning, one of the joint venturers. Topcon Positioning is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Livermore, CA. Topcon Positioning can be served with process through its registered agent Takayuki Yamazaki, 7400 National Drive, Livermore, CA 94551.

8. Upon information and belief, STARTRAK SYSTEMS, LLC. ("StarTrak") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Morris Plains, NJ. Upon information and belief, StarTrak recently acquired the assets of Micro Logic, Inc., a corporation organized under the laws of the State of Massachusetts with a principal place of business in Westborough, MA. StarTrak can be served with process through its registered agent Edward M. Zimmerman, 65 Livingston Avenue, Roseland, NJ 07068.

9. Upon information and belief, WIRELESS MATRIX USA, LLC ("Wireless Matrix") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Herndon, VA. Wireless Matrix can be served with process through its registered agent CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

10. Upon information and belief, JLG INDUSTRIES INC. ("JLG") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of

business located in McConnellsburg, PA.  JLG can be served with process through its registered agent CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.

11. Upon information and belief, TYLER TECHNOLOGIES, INC. ("Tyler Technologies") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Dallas, Texas.  Tyler Technologies can be served with process through its registered agent Capital Corporation Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701.

12. Upon information and belief, GEOTAB, INC. ("Geotab") is a corporation organized and existing under the laws of the country of Canada, with its principal place of business located in Ontario, Canada.  Geotab engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Geotab has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.

13. Upon information and belief, NAVISTAR, INC. ("Navistar") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Warrenville, Illinois.  Navistar can be served with process through its registered agent CT Corporation, 350 N. St. Paul St., Dallas, TX 75201.

## II.  JURISDICTION AND VENUE

14. This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

15. Upon information and belief, Defendants are each subject to personal jurisdiction by this Court.  Defendants have each committed such purposeful acts and/or transactions in the

State of Texas that they reasonably knew and/or expected that they could be hailed into a Texas court as a future consequence of such activity. Defendants each either make, use, or sell infringing products within the Eastern District of Texas, or have a continuing presence and the requisite minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. Upon information and belief Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the Eastern District of Texas. For all of these reasons, personal jurisdiction exists as to all Defendants and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

16. Further, the Eastern District of Texas is the most judicially efficient venue to hear this lawsuit because of this Court's familiarity with the Patents-in-Suit over the past fourteen months. This is the third lawsuit filed in the Eastern District of Texas by IGS asserting the same five patents, all of which are in the field of telematics. The first lawsuit initiated by IGS was *Innovative Global Systems LLC v. Turnpike Global Technologies, Inc., et al.*, Cause No. 6:09-cv-00157. In that case the Court considered full claim construction briefing, conducted a *Markman* hearing, and issued an "Order" on June 4, 2010 setting forth the Court's provisional Claim Construction Rulings. As of the date of the filing of this complaint, that suit remains pending. The second lawsuit, *Innovative Global Systems LLC v. Teletrac Inc., et al.*, Cause No. 6:10-cv-40, is also currently pending in this Court. Thus, this Court is the most judicially economic and efficient venue for this third lawsuit by IGS on the Patents-in-Suit.

### III.  PATENTS-IN-SUIT

17. On August 19, 2003, United States Patent No. 6,608,554 ("the '554 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between

5

Vehicle and Remote Data Communication Terminal." A true and correct copy of the '554 patent is attached hereto as Exhibit A and made a part hereof.

18. On June 25, 2002, United States Patent No. 6,411,203 ("the '203 patent") was duly and legally issued for an "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal." A true and correct copy of the '203 patent is attached hereto as Exhibit B and made a part hereof.

19. On June 1, 2004 United States Patent No. 6,744,352 ("the '352 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '352 patent is attached hereto as Exhibit C and made a part hereof.

20. On March 21, 2006 United States Patent No. 7,015,800 ("the '800 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." A true and correct copy of the '800 patent is attached hereto as Exhibit D and made a part hereof.

21. On November 11, 2008 United States Patent No. 7,449,993 ("the '993 patent") was duly and legally issued for a "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and

Communications Network."  A true and correct copy of the '993 patent is attached hereto as Exhibit E and made a part hereof.

22. The '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent are hereinafter referred to collectively as the "Patents-in-Suit."

23. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to products used by and sold to vehicle fleets, other heavy duty trucking fleets, and heavy equipment, such as construction equipment fleets that permit data communication associated with a vehicle to be transmitted between the vehicle and a remote data communication terminal so that various operating characteristics of the vehicle can be used, observed monitored, and/or controlled.

### IV.  **PATENT INFRINGEMENT**

24. IGS is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.  On January 29, 2009 IGS acquired through written assignment all right, title, and interest to the Patents-in-Suit from Vehicle Enhancement Systems, Inc. ("VES").

25. Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that infringe one or more claims of the Patents-in-Suit; and/or Defendants induce and/or contribute to the infringement of one or more of the claims in the Patents-in-Suit by others.

26. Defendant VOLVO CONSTRUCTION infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle

between the vehicle and a remote location.  By way of example only, the Volvo CareTrack product infringes one or more claims of the Patents-in-Suit.

27. Defendant VOLVO TRUCKS infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the VolvoLink system infringes one or more claims of the Patents-in-Suit.

28. Defendant KOMATSU infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the KOMATSU Komtrax product infringes one or more of the claims of the Patents-in-Suit.

29. Defendant CATERPILLAR infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, excluding any products made or sold by current IGS licensees, the CATERPRILLAR Product Link system, infringes one or more of the claims of the Patents-in-Suit.

30. Defendant HYUNDAI infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells

and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the HYUNDAI Hi-Mate system infringes one or more claims of the Patents-in-Suit.

31. Defendant TOPCON TIERRA infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the TOPCON TIERRA Tierra system, including its AM10, AM25 and AM50 products infringe one or more claims of the Patents-in-Suit.

32. Defendant STARTRAK infringes one or more of the Patents-in-Suit because manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the STARTRAK ReeferTrack RT 6000 and GenTrack RT 6000 products infringe one or more claims of the Patents-in-Suit. Additionally, on information and belief, StarTrak recently acquired the assets of Micro Logic, Inc., including its iSite system, which also infringes one or more of the claims of the Patents-in-Suit.

33. Defendant WIRELESS MATRIX infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle

between the vehicle and a remote location.  By way of example only, the WIRELESS MATRIX Fleet Outlook system, including, at a minimum in the Communicator line of products, infringes one or more claims of the Patents-in-Suit.

34. Defendant JLG infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy equipment industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the JLG ClearSky product infringes one or more claims of the Patents-in-Suit.

35. Defendant TYLER TECHNOLOGIES infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, excluding any product sold to current IGS licensees, the TYLER TECHNOLGOES Tyler Telematic GPS product infringes one or more claims of the Patents-in-Suit.

36. Defendant GEOTAB infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty trucking industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the GEOTAB GO4 product infringes one or more claims of the Patents-in-Suit.

37. Defendant NAVISTAR infringes one or more of the Patents-in-Suit because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale data communication devices for at least the heavy duty vehicle industry that allow for wireless communication of data associated with a vehicle between the vehicle and a remote location.  By way of example only, the NAVISTAR Aware product infringes one or more claims of the Patents-in-Suit.

38. IGS and its predecessor VES have marked their products in compliance with 35 U.S.C. § 287.

39. IGS has been damaged as a result of Defendants' infringing conduct.  Defendants are, thus, liable to IGS in an amount that adequately compensates IGS for Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.  JURY DEMAND

IGS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

IGS requests that the Court find in its favor and against Defendants, and that the Court grant IGS the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b. Judgment that Defendants account for and pay to IGS all damages to and costs incurred by IGS because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants, their officers, agents, servants and employees, and those persons

    in active concert and participation with any of them, be permanently enjoined from infringement of the Patents in Suit.  In the alternative, if the Court finds that an injunction is not warranted, IGS requests an award of post judgment royalty to compensate for future infringement;

e.   That IGS be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

f.   That this Court declare this an exceptional case and award IGS its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.   That IGS be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| **Dated:   June \_\_\_, 2010** | Respectfully submitted,<br><br>/s/  Michael T. Cooke<br>  State Bar No. 04759650<br>Jonathan T. Suder<br>  State Bar No. 19463350<br>Todd I. Blumenfeld<br>  State Bar No. 24067518<br>FRIEDMAN, SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200<br>Fort Worth, Texas 76102<br>(817) 334-0400<br>Fax (817) 334-0401<br>jts@fsclaw.com<br>mtc@fsclaw.com<br>Blumenfeld@fsclaw.com<br><br>Keith A. Rutherford<br>R. Scott Reese<br>Sarah R. Cabello<br>WONG, CABELLO, LUTSCH,<br>  RUTHERFORD & BRUCCULERI, LLP<br>20333 SH 249, Suite 600<br>Houston, TX  77070<br>(832) 446-2400<br>Fax (832) 446-2424<br>krutherford@counselip.com<br>sreese@counselip.com<br>scabello@counselip.com<br><br>Eric M. Albritton<br>ERIC M. ALBRITTON, P.C.<br>P.O. Box 2649<br>111 West Tyler Street<br>Longview, TX  75601<br>(903) 757-8449 x204<br>Fax (903) 758-7397<br>ema@emafirm.com<br><br>ATTORNEYS FOR PLAINTIFF<br>INNOVATIVE GLOBAL SYSTEMS, LLC |

n:\clients\mj\ves\-05\ves.complaint.3rdsuit.doc