IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC.<br><br>        Defendants. | C. A. No. 6:10-CV-00327-LED<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL ANSWER OF CATERPILLAR INC.

Defendant Caterpillar Inc. ("Caterpillar") submits this Answer to Plaintiff Innovative Global Systems LLC's Original Complaint upon information and belief as follows:

### I.   ANSWER

1-4.   Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

5.   Admit.

6-13.   Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

14.   Caterpillar admits that paragraph 14 of Plaintiff's Original Complaint purports to state a cause of action for infringement of a United States patent. Caterpillar lacks information

1

sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that this Court has exclusive subject matter jurisdiction over this suit. Caterpillar denies the remaining allegations of this Paragraph.

15. Admit Caterpillar is subject to personal jurisdiction in this Court. Admit Caterpillar transacts business within the Eastern District of Texas. Caterpillar denies that any Caterpillar product infringes any of the patents-in-suit and therefore denies that it either makes, uses, or sells infringing products within the Eastern District of Texas. Caterpillar has insufficient information to form a belief as to the truth or falsity of the remaining allegations, including whether venue is proper in this Court and therefore denies them.

16. The statements in paragraph 16 describe characterizations and opinions of counsel and not factual allegations, therefore, Caterpillar need not respond. Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the other allegations and therefore denies them. Caterpillar denies the Eastern District of Texas is the most efficient venue to hear this lawsuit.

17. Admit that what purports to be a copy of the '554 patent was attached to the Complaint, otherwise, denied.

18. Admit that what purports to be a copy of the '203 patent was attached to the Complaint, otherwise, denied.

19. Admit that what purports to be a copy of the '352 patent was attached to the Complaint, otherwise, denied.

20. Admit that what purports to be a copy of the '800 patent was attached to the Complaint, otherwise, denied

21. Admit that what purports to be a copy of the '993 patent was attached to the Complaint, otherwise, denied

22. Paragraph 22 contains no allegations and therefore requires no response.

23. To the extent paragraph 23 includes any allegations, denied.

24. Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25. With respect to Caterpillar, denied. With respect to other defendants, Caterpillar lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies them.

26-28. Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

29. Caterpillar denies it infringes any claims of any of the Patents-in-Suit. Caterpillar admits that all products made or sold by any IGS licensee cannot infringe any claim of any of the Patents-in-Suit. With respect to any other allegations, denied.

30-37. Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

38. Caterpillar lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

39. With respect to Caterpillar, denied. With respect to other defendants, Caterpillar lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies them.

## II. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

40. Caterpillar denies that Plaintiff is entitled to any relief whatsoever from Caterpillar, either as prayed for in its Complaint or otherwise. Caterpillar lacks information sufficient to form a belief as to whether Plaintiff is entitled to any such relief from any other Defendant in this case, and therefore denies the allegations with respect to those other Defendants.

### III.     AFFIRMATIVE DEFENSES

41. Upon information and belief, Caterpillar has not induced infringement of, contributed to infringement of, or otherwise infringed in any manner any claims of the '554 patent, the '203 patent, the '352 patent, the '800 patent or the '993 patent ("the Patents-in-Suit").

42. The claims of the Patents-in-Suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability, including those set forth in 35 U.S.C. §§ 101; 102; 103 and/or 112, and the rules, regulations and laws pertaining therein. The averments of this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery and further investigation.

43. Upon information and belief, Plaintiff is barred from recovery with respect to Caterpillar for any alleged infringement of any of the claims of the Patents-in-Suit under the doctrines of laches and waiver.

44. Any claims of the Patents-in-Suit which may be held to be valid are so restricted in scope, including without limitation due to disclaimer, and/or prosecution history estoppel, that Caterpillar has not infringed such claims.

45. Upon information and belief, Plaintiff has not provided Caterpillar notice of the Patents-in-Suit and Plaintiff and its licensees have not marked in accordance with 35 U.S.C. § 287.

46. Some or all of the Defendants in this action have been improperly joined in a single action.

47. Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of patent misuse and unclean hands.

48. The Complaint fails to state a claim upon which relief may be granted.

49. Any claim for damages in patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within six years before the filing of the Complaint in this action.

50. Some or all of the Plaintiff's claims for patent infringement are barred in whole or in part by the equitable doctrine of prosecution laches.

51. Some or all of Plaintiff's claims for patent infringement are barred in whole or in part by the defenses of license and/or patent exhaustion.

52. Plaintiff's remedies are limited by 28 U.S.C. § 1498.

53. Plaintiff's claim for injunctive relief is inappropriate under the law.

54. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. §288.

## PRAYER FOR RELIEF

Caterpillar prays this Court grant the following relief:

(1) Plaintiff be denied all relief it has requested as set forth in its Complaint, and that the Complaint be dismissed with prejudice;

(2) the Court find this case to be an exceptional case and that Caterpillar be awarded its costs and recoverable attorney's fees incurred in having to defend this action pursuant to 35 U.S.C. § 285 and as otherwise allowed; and

(3) the Court grant Caterpillar all other relief to which it is entitled.

## DEMAND FOR JURY

To the extent any issue remains in the case that is properly tried by a jury, Caterpillar demands a jury trial.

Date: August 20, 2010

Respectfully submitted,

**HOWREY LLP**

By:     /s/ Robert G. Abrams
   Robert G. Abrams
   Gregory J. Commins, Jr.
   1299 Pennsylvania Ave, NW
   Washington, DC  20004-2402
   Tel:  202.783.0800
   Fax:  202.383.6610
   E-mail: abramsr@howrey.com
   E-mail: comminsg@howrey.com

   Gary J. Fischman
   1111 Louisiana, 25th Floor
   Houston, Texas  77002
   Telephone:  713.787.1400
   Facsimile:   713.787.1440
   E-mail: fischmang@howrey.com

   Attorneys for Defendant
   CATERPILLAR INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document, **ORIGINAL ANSWER OF CATERPILLAR INC.**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 20, 2010.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                /s/ *Gary J. Fischman*  _____
                                                    Gary J. Fischman