**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| INNOVATIVE GLOBAL SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 6:10-cv-00327-LED |
| | § | **JURY TRIAL DEMANDED** |
| VOLVO CONSTRUCTION EQUIPMENT | § | |
| NORTH AMERICA, INC., VOLVO TRUCKS | § | |
| NORTH AMERICA, INC., KOMATSU | § | |
| AMERICA CORP., CATERPILLAR, INC., | § | |
| HYUNDAI CONSTRUCTION EQUIPMENT | § | |
| AMERICAS, INC., TOPCON TIERRA, | § | |
| STARTRAK SYSTEMS, LLC, WIRELESS | § | |
| MATRIX USA, LLC, JLG INDUSTRIES | § | |
| INC., TYLER TECHNOLOGIES, INC., | § | |
| GEOTAB, INC., and NAVISTAR, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TYLER TECHNOLOGIES, INC.'S
ANSWER AND COUNTERCLAIMS TO
<u>PLAINTIFF INNOVATIVE GLOBAL SYSTEMS LLC'S ORIGINAL COMPLAINT</u>**

Defendant Tyler Technologies, Inc. ("Tyler Technologies"), for its Answer and Counterclaims to the Original Complaint ("Complaint") of Innovative Global Systems, LLC ("IGS") in this action states as set forth below. The paragraphs below correspond to the paragraphs with the same number in the Complaint.

**I. THE PARTIES**

1. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and accordingly, denies the same.

2. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and

accordingly, denies the same.

3. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and accordingly, denies the same.

4. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and accordingly, denies the same.

5. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and accordingly, denies the same.

6. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and accordingly, denies the same.

7. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and accordingly, denies the same.

8. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and accordingly, denies the same.

9. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and accordingly, denies the same.

10. Tyler Technologies is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and accordingly, denies the same.

11. Tyler Technologies admits that it is a corporation organized and existing under the laws of the State of Delaware, with an office in Dallas, Texas. Tyler Technologies admits that it can be served with process through its registered agent, Capital Corporation Services, Inc., 800 Brazos, Suite 400, Austin, TX.

12. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and accordingly, denies the same.

13. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and accordingly, denies the same.

## II. JURISDICTION AND VENUE

14. Tyler Technologies admits that the Complaint purports to be an action for alleged infringement of United States patents. Tyler Technologies admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) to adjudicate actions arising under the patent laws of the United States. Tyler Technologies denies it has committed any act that would give rise to any cause of action asserted in the Complaint. Except as expressly admitted, Tyler Technologies denies the allegations in paragraph 14 of the Complaint.

15. Solely with respect to Tyler Technologies and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction or challenge to venue in connection with any other cause of action or claim, Tyler Technologies does not contest the Court's personal jurisdiction over Tyler Technologies or the appropriateness of venue in this action. Tyler Technologies denies that it has committed any act

within the State of Texas or elsewhere that would give rise to any cause of action asserted in the Complaint.  Tyler Technologies denies that it makes, uses, or sells any infringing products within the Eastern District of Texas or elsewhere.  As to the other defendants, Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, accordingly, denies the same.

16.  Solely with respect to Tyler Technologies and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of venue or improper venue in connection with any other cause of action or claim, Tyler Technologies does not contest whether venue properly lies in this district.  As to the other defendants, Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, accordingly, denies the same.

### III.  PATENTS-IN-SUIT

17.  Tyler Technologies admits that U.S. Patent No. 6,608,554 ("the '554 patent") is titled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal."  Tyler Technologies admits that the '554 patent was issued on August 19, 2003, but denies that it was "duly and legally" issued.  Tyler Technologies further denies that the '554 patent is valid or enforceable.  Tyler Technologies admits that Exhibit A to the Complaint appears to be a true and correct copy of the '554 patent.

18.  Tyler Technologies admits that U.S. Patent No. 6,411,203 ("the '203 patent") is titled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal."  Tyler Technologies admits that the '203 patent was issued on June 25, 2002, but denies that it was "duly and legally" issued.  Tyler Technologies further denies that the '203 patent is valid or enforceable.  Tyler Technologies admits that Exhibit B to the Complaint appears to be a true and correct copy of the '203 patent.

19.     Tyler Technologies admits that U.S. Patent No. 6,744,352 ("the '352 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Tyler Technologies admits that the '352 patent was issued on June 1, 2004, but denies that it was "duly and legally" issued.  Tyler Technologies further denies that the '352 patent is valid or enforceable.  Tyler Technologies admits that Exhibit C to the Complaint appears to be a true and correct copy of the '352 patent.

20.     Tyler Technologies admits that U.S. Patent No. 7,015,800 ("the '800 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Tyler Technologies admits that the '800 patent was issued on March 21, 2006, but denies that it was "duly and legally" issued.  Tyler Technologies further denies that the '800 patent is valid or enforceable.  Tyler Technologies admits that Exhibit D to the Complaint appears to be a true and correct copy of the '800 patent.

21.     Tyler Technologies admits that U.S. Patent No. 7,449,993 ("the '993 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Tyler Technologies admits that the '993 patent was issued on November 11, 2008, but denies that it was "duly and legally" issued.  Tyler Technologies further denies that the '993 patent is valid or enforceable.  Tyler Technologies admits that Exhibit E to the Complaint appears to be a true and

correct copy of the '993 patent.

22. Tyler Technologies admits that IGS refers to the '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent collectively as the "Patents-in-Suit."

23. Tyler Technologies denies IGS's characterization of the Patents-in-Suit and avers that with respect to this lawsuit, the products or technology to which the Patents-in-Suit "very generally speaking" relate is of no legal consequence. The scope of the Patents-in-Suit is determined solely by their claims. Except as expressly admitted, Tyler Technologies denies the allegations in paragraph 23 of the Complaint.

### IV. ALLEGED PATENT INFRINGEMENT

24. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and accordingly, denies the same.

25. As to itself, Tyler Technologies denies the allegations contained in paragraph 25 of the Complaint. As to the other defendants, Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and accordingly, denies the same.

26. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and accordingly, denies the same.

27. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and accordingly, denies the same.

28. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and

accordingly, denies the same.

29. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and accordingly, denies the same.

30. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and accordingly, denies the same.

31. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and accordingly, denies the same.

32. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and accordingly, denies the same.

33. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and accordingly, denies the same.

34. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and accordingly, denies the same.

35. Denied.

36. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and accordingly, denies the same.

37. Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and accordingly, denies the same.

38. Denied.

39. As to itself, Tyler Technologies denies the allegations contained in paragraph 39 of the Complaint. As to the other defendants, Tyler Technologies is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and accordingly, denies the same.

## V. JURY DEMAND

No response is necessary to IGS's Jury Demand, however to the extent a response is necessary, Tyler Technologies admits that IGS requests a trial by jury.

## VI. PRAYER FOR RELIEF

As to itself, Tyler Technologies denies that IGS is entitled to any of the prayed-for relief. As to the other defendants, Tyler Technologies is without knowledge or information sufficient to form a belief as to the bases for the prayed-for relief, and accordingly, denies the same.

## VII. GENERAL DENIAL

Tyler Technologies denies all allegations not expressly admitted.

## VIII. AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

40. Tyler Technologies has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

### Second Defense: Invalidity

41. The Patents-in-Suit are invalid for failure to meet one or more of the conditions of

patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

### Third Defense: Prosecution History Estoppel

42. IGS is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims, whether under the doctrine of equivalents or otherwise, of the Patents-in-Suit to cover any product manufactured, sold, or offered for sale by Tyler Technologies.

### Fourth Defense: Laches, Waiver, and Estoppel

43. The Patents-in-Suit are unenforceable under the doctrines of laches, waiver, and estoppel.

### Fifth Defense: Failure to Mark, Lack of Notice

44. Prior to receiving a copy of the complaint in this action, Tyler Technologies had neither actual nor constructive notice of IGS's allegations of infringement. Upon information and belief, neither IGS, IGS's licensees, nor the prior assignees or their licensees, marked devices that embody any of the purported claims of the Patents-in-Suit with proper notice of such patents, as required by 35 U.S.C. § 287. IGS is not entitled to any pre-filing damages pursuant to § 287.

### Sixth Defense: Unavailability of Injunctive Relief

45. Claims by IGS for injunctive relief are barred as a matter of law because IGS has an adequate remedy at law for any claims included in the Complaint on which IGS may ultimately prevail.

### Seventh Defense: Unclean Hands

46. On information and belief, IGS or previous assignees have rendered the

Patents-in-Suit unenforceable under the doctrine of unclean hands.

## VIV. COUNTERCLAIMS

For its counterclaims against IGS, Tyler Technologies alleges as follows:

47. Tyler Technologies incorporates what is set out in the preceding paragraphs as if fully set forth herein.

48. The Complaint has established an actual and justiciable controversy between Tyler Technologies and IGS with respect to the validity, enforceability, and infringement, or lack thereof, of the Patents-in-Suit.

49. Jurisdiction over the subject matter of the controversy, personal jurisdiction over IGS, and venue are co-extensive with the Complaint.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

50. Tyler Technologies incorporates Paragraphs 47-49 of these Counterclaims as if fully set forth herein.

51. IGS alleges that Tyler Technologies infringes the Patents-in-Suit.

52. Tyler Technologies has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

53. Tyler Technologies incorporates Paragraphs 47-52 of these Counterclaims as is fully set forth herein.

54. The Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

## **COUNT THREE**

**(Declaratory Judgment of Unenforceability of the Patents-in-Suit)**

55. Tyler Technologies incorporates Paragraphs 47-54 of these Counterclaims as is fully set forth herein.

56. The Patents-in-Suit are unenforceable under the doctrines of laches, waiver, estoppel, and unclean hands.

## X. PRAYER FOR RELIEF

WHEREFORE, Tyler Technologies respectfully prays for judgment against IGS as follows:

a) Dismissing with prejudice the Complaint against Tyler Technologies;

b) Denying IGS all of the relief requested against Tyler Technologies in the Complaint;

c) Declaring that Tyler Technologies does not infringe, contributorily infringe, or induce infringement of any claim of the Patents-in-Suit;

d) Declaring that the Patents-in-Suit are invalid, unenforceable, and/or void;

e) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Tyler Technologies its attorneys' fees;

f) Awarding to Tyler Technologies its costs and disbursements of this action; and

g) Awarding such other and further relief as this Court may deem just and proper.

**TYLER TECHNOLOGIES DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

DATED: August 31, 2010

        Respectfully submitted,

        /s/ John H. McDowell, Jr.

        John H. McDowell, Jr.
        *Lead Attorney*
        Texas State Bar No. 13570825
        E-mail: john.mcdowell@klgates.com
        Benjamin J. Setnick
        Texas State Bar No. 24058820
        E-mail: ben.setnick@klgates.com
        **K&L Gates LLP**
        1717 Main Street
        Suite 2800
        Dallas, Texas 75201
        Telephone: (214) 939-5500
        Fax: (214) 939-5849

        **ATTORNEYS FOR TYLER TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing has been served upon counsel of record through the Court's CM/ECF system on this 31st day of August 2010.

                                      /s/ John H. McDowell, Jr.
                                      John H. McDowell, Jr.