IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **INNOVATIVE GLOBAL SYSTEMS, LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR, INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., AND NAVISTAR, INC.,**<br><br>**Defendants.** | **Case No. 6:10-cv-00327-LED**<br>**JURY TRIAL DEMANDED** |

### DEFENDANT NAVISTAR, INC.'S ANSWER TO
### PLAINTIFF INNOVATIVE GLOBAL SYSTEMS LLC'S ORIGINAL COMPLAINT

Defendant Navistar, Inc. ("Navistar") responds to the Original Complaint ("Complaint") of Innovative Global Systems, LLC ("IGS") as follows:

### I.   THE PARTIES

1. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and accordingly, denies the same.

2. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and accordingly, denies the same.

K&E 17659226.1

3. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and according, denies the same.

4. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and according, denies the same.

5. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and according, denies the same.

6. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and according, denies the same.

7. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and according, denies the same.

8. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and according, denies the same.

9. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and according, denies the same.

10. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and according, denies the same.

11. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and according, denies the same.

12. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and according, denies the same.

13. Navistar admits that it is a corporation organized and exiting under the laws of the State of Delaware, with an office in Warrenville, Illinois.  Navistar admits that it can be served with process through its registered agent, CT Corporation, 350 N. St. Paul St., Dallas, TX 75201.  Except as expressly admitted, Navistar denies the allegations in paragraph 13 of the Complaint.

## II. JURISDICTION AND VENUE

14. Navistar admits that the Complaint purports to be an action for alleged infringement of United States patents, but denies that any bases exist for the action and denies it has committed any act that would give rise to any cause of action asserted in the Complaint. Navistar admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) to adjudicate actions arising under the patent laws of the United States.  Except as expressly admitted, Navistar denies the allegations in paragraph 14 of the Complaint.

15. Solely with respect to Navistar and for the purpose of this action, and without waiving any defense of lack of personal jurisdiction or challenge to venue in connection with any other cause of action or claim, Navistar does not contest the Court's personal jurisdiction over

Navistar or the appropriateness of venue in this action.  Navistar denies that it has committed any act within the State of Texas or elsewhere that would give rise to any cause of action asserted in the Complaint.  Navistar denies that it makes, uses, or sells any infringing products within the Eastern District of Texas or elsewhere.  As to the other defendants, Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 15 of the Complaint.

16.     Solely with respect to Navistar and for the purpose of this action, and without waiving any defense of lack of venue or improper venue in connection with any other cause of action or claim, Navistar does not contest whether venue properly lies in this district.  As to the other defendants, Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 16 of the Complaint.

### III. PATENTS-IN-SUIT

17.     Navistar admits that U.S. Patent No. 6,608,554 ("the '554 patent") is titled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal."  Navistar admits that the '554 patent was issued on August 19, 2003, but denies that it was "duly and legally" issued.  Navistar further denies that the '554 patent is valid or enforceable.  Navistar admits that Exhibit A to the Complaint appears to be a true and correct copy of the '554 patent.  Except as expressly admitted, Navistar denies the allegations in paragraph 17 of the Complaint.

18.     Navistar admits that U.S. Patent No. 6,411,203 ("the '203 patent") is titled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal."  Navistar admits that the '203 patent was issued on June 25,

2002, but denies that it was "duly and legally" issued.  Navistar further denies that the '203 patent is valid or enforceable.  Navistar admits that Exhibit B to the Complaint appears to be a true and correct copy of the '203 patent.  Except as expressly admitted, Navistar denies the allegations in paragraph 18 of the Complaint.

19.     Navistar admits that U.S. Patent No. 6,744,352 ("the '352 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network."  Navistar admits that the '352 patent was issued on June 1, 2004, but denies that it was "duly and legally" issued.  Navistar further denies that the '352 patent is valid or enforceable.  Navistar admits that Exhibit C to the Complaint appears to be a true and correct copy of the '352 patent.  Except as expressly admitted, Navistar denies the allegations in paragraph 19 of the Complaint.

20.     Navistar admits that U.S. Patent No. 7,015,800 ("the '800 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network."  Navistar admits that the '800 patent was issued on March 21, 2006, but denies that it was "duly and legally" issued.  Navistar further denies that the '800 patent is valid or enforceable. Navistar admits that Exhibit D to the Complaint appears to be a true and correct copy of the '800 patent.  Except as expressly admitted, Navistar denies the allegations in paragraph 20 of the Complaint.

21.     Navistar admits that U.S. Patent No. 7,449,993 ("the '993 patent") is titled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between

Two or More Vehicles, and Between Vehicle and Communications Network."  Navistar admits that the '993 patent was issued on November 11, 2008, but denies that it was "duly and legally" issued.  Navistar further denies that the '993 patent is valid or enforceable.  Navistar admits that Exhibit E to the Complaint appears to be a true and correct copy of the '993 patent.  Except as expressly admitted, Navistar denies the allegations in paragraph 21 of the Complaint.

   22. Navistar admits that the Complaint refers to the '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent collectively as the "Patents-in-Suit."  Except as expressly admitted, Navistar denies the allegations in paragraph 22 of the Complaint.

   23. Navistar denies IGS's characterization of the Patents-in-Suit and avers that with respect to this lawsuit, the products or technology to which the Patents-in-Suit "very generally speaking" relate is of no legal consequence.  The scope of the Patents-in-Suit is determined solely by their claims, as properly construed.  Except as expressly admitted, Navistar denies the allegations in paragraph 23 of the Complaint.

## IV. ALLEGED PATENT INFRINGEMENT

   24. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 24 of the Complaint.

   25. As to itself, Navistar denies the allegations contained in paragraph 25 of the Complaint. As to the other defendants, Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 25 of the Complaint.

26. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 26 of the Complaint.

27. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 27 of the Complaint.

28. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 28 of the Complaint.

29. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 29 of the Complaint.

30. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and accordingly, denies the same.  Except as expressly admitted, Navistar denies the allegations in paragraph 30 of the Complaint.

31. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and accordingly, denies the

same. Except as expressly admitted, Navistar denies the allegations in paragraph 31 of the Complaint.

32. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 32 of the Complaint.

33. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 33 of the Complaint.

34. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 34 of the Complaint.

35. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 34 of the Complaint.

36. Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. As to itself, Navistar denies the allegations contained in paragraph 39 of the Complaint. As to the other defendants, Navistar is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and accordingly, denies the same. Except as expressly admitted, Navistar denies the allegations in paragraph 39 of the Complaint.

## V. JURY DEMAND

No response is necessary to IGS's Jury Demand, however to the extent a response is necessary, Navistar admits that IGS requests a trial by jury. Pursuant to Fed. R. Civ. P. 38, Navistar hereby respectfully requests a jury trial on all issues and claims so triable.

## VI. PRAYER FOR RELIEF

As to itself, Navistar denies that IGS is entitled to any relief whatsoever, either as prayed for in its complaint or otherwise. As to the other defendants, Navistar is without knowledge or information sufficient to form a belief as to the bases for the prayed-for relief, and accordingly, denies the same.

## VII. GENERAL DENIAL

Navistar denies all allegations not expressly admitted.

## VIII. AFFIRMATIVE DEFENSES

### First Defense: Failure To State A Claim

40. Navistar has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

### Second Defense: Non-Infringement

41. Navistar has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

### Third Defense: Invalidity

42. One or more claims of the Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense: Prosecution History Estoppel

43. IGS is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims, whether under the doctrine of equivalents or otherwise, of the Patents-in-Suit to cover any product or activity of Navistar.

### Fifth Defense: Statutory Limitations On Damages And Costs

44. IGS's claims for patent infringement damages, if any, are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Sixth Defense: Unavailability of Injunctive Relief

45. Claims by IGS for injunctive relief are barred as a matter of law because IGS has an adequate remedy at law for any claims included in the Complaint on which IGS may ultimately prevail.

**WHEREFORE**, Navistar respectfully requests that this Court:

A. Dismiss IGS's Original Complaint for Patent Infringement with prejudice;

B. Enter judgment in Navistar's favor on all counts;

C. Declare this case exceptional under 35 U.S.C. § 285 and award Navistar its reasonable attorneys' fees, expenses, and costs incurred in this action; and

D. Award Navistar such other and further relief as this Court deems just and proper.

Dated:  September 9, 2010                    Respectfully submitted,

                                                  s/Paul R. Steadman, P.C.
Paul R. Steadman, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
*paul.steadman@kirkland.com*

Of Counsel:
Craig D. Leavell
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
*craig.leavell@kirkland.com*

Simeon G. Papacostas
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
*simeon.papcostas@kirkland.com*
*Attorneys for Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon counsel of record through the Court's CM/ECF system on this 9th day of September, 2010.

s/Paul R. Steadman
Paul R. Steadman, P.C.