IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, | Case No. 6:10-CV-00327-LED |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC., | |
| Defendants. | |

**TOPCON TIERRA'S ANSWER AND COUNTERCLAIMS TO
INNOVATIVE GLOBAL SYSTEMS LLC'S ORIGINAL COMPLAINT**
_____

Defendant Topcon Tierra ("Tierra") files this Answer and Counterclaim to Plaintiff

Innovative Global Systems LLC's ("IGS") Original Complaint.

## I.      ANSWER TO ORIGINAL COMPLAINT

### The Parties

1.      Tierra lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 1 of the Original Complaint and on that basis denies those allegations.

2.      Tierra lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 2 of the Original Complaint and on that basis denies those allegations.

3.      Tierra lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 3 of the Original Complaint and on that basis denies those allegations.

4.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4 of the Original Complaint and on that basis denies those allegations.

5.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 of the Original Complaint and on that basis denies those allegations.

6.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 of the Original Complaint and on that basis denies those allegations.

7.      Tierra admits that Topcon Tierra is a joint venture between Topcon Positioning Systems, Inc. and Divitech S.p.A.  Tierra further admits that Topcon Positioning Systems, Inc.'s principal place of business is located in Livermore, CA.  Tierra further admits that Topcon Positioning Systems, Inc.'s registered agent for service is Takayuki Yamazaki at the address 7400 National Drive, Livermore, CA 94551.  Tierra denies the remaining allegations in Paragraph 7 of the Original Complaint.

8.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Original Complaint and on that basis denies those allegations.

9.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Original Complaint and on that basis denies those allegations.

10.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Original Complaint and on that basis denies those allegations.

11.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of the Original Complaint and on that basis denies those allegations.

12.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Original Complaint and on that basis denies those allegations.

13.      Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Original Complaint and on that basis denies those allegations.

## Jurisdiction and Venue

14.     Tierra admits that Plaintiff purports in the Original Complaint to bring an action for alleged patent infringement, but denies any infringement and denies that Plaintiff is entitled to damages, an injunction or any other relief.  Tierra admits that if the allegations are proven then this Court would have exclusive subject matter jurisdiction over this suit under Title 28 U.S.C. § 1338(a).

15.     To the extent paragraph 15 includes any allegations requiring a response, Tierra denies the allegations in Paragraph 15 of the Original Complaint to the extent that those allegations are directed to the activities of Tierra.  Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Original Complaint to the extent that the allegations are directed to the activities of parties other than Tierra, and on that basis denies those allegations.

16.     Tierra denies that the Eastern District of Texas is the most efficient venue to hear this lawsuit.  Tierra lacks sufficient information to form a belief as to the truth as to the remaining allegations in Paragraph 16 of the Original Complaint and on that basis denies those allegations.

## Patents-in-Suit

17.     Tierra admits that the document attached as exhibit "A" to the Original Complaint purports to be a copy of United States Patent No. 6,608,554 ("the '554 patent") that has on its face the title "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal" and bears on its face the issue date August 19, 2003.  Tierra denies the remaining allegations contained in paragraph 17 of the Original Complaint.

18.     Tierra admits that the document attached as exhibit "B" to the Original Complaint purports to be a copy of United States Patent No. 6,411,203 ("the '203 patent") that has on its face the title "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and

Remote Data Communication Terminal" and bears on its face the issue date June 25, 2002. Tierra denies the remaining allegations contained in paragraph 18 of the Original Complaint.

19.     Tierra admits that the document attached as exhibit "C" to the Original Complaint purports to be a copy of United States Patent No. 6,744,352 ("the '352 patent") that has on its face the title "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and bears on its face the issue date June 1, 2004.  Tierra denies the remaining allegations contained in paragraph 19 of the Original Complaint.

20.     Tierra admits that the document attached as exhibit "D" to the Original Complaint purports to be a copy of United States Patent No. 7,015,800 ("the '800 patent") that has on its face the title "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and bears on its face the issue date March 21, 2006.  Tierra denies the remaining allegations contained in paragraph 20 of the Original Complaint.

21.     Tierra admits that the document attached as exhibit "E" to the Original Complaint purports to be a copy of United States Patent No. 7,449,993 ("the '993 patent") that has on its face the title "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" and bears on its face the issue date November 11, 2008.  Tierra denies the remaining allegations contained in paragraph 21 of the Original Complaint.

22.     Paragraph 22 contains no allegations and therefore requires no response.

23.     Tierra denies the allegations in Paragraph 23 of the Original Complaint.

**Patent Infringement**

24.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 24 of the Original Complaint and on that basis denies those allegations.

25.     Tierra denies the allegations in Paragraph 25 of the Original Complaint to the extent that those allegations are directed to the activities of Tierra.  Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the Original Complaint to the extent that the allegations in Paragraph 25 of the Original Complaint are directed to the activities of parties other than Tierra, and on that basis denies those allegations.

26.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Original Complaint and on that basis denies those allegations.

27.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27 of the Original Complaint and on that basis denies those allegations.

28.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Original Complaint and on that basis denies those allegations.

29.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 of the Original Complaint and on that basis denies those allegations.

30.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30 of the Original Complaint and on that basis denies those allegations.

31.     Tierra denies the allegations in Paragraph 31 of the Original Complaint.

32.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32 of the Original Complaint and on that basis denies those allegations.

33.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33 of the Original Complaint and on that basis denies those allegations.

34.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34 of the Original Complaint and on that basis denies those allegations.

35.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35 of the Original Complaint and on that basis denies those allegations.

36.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 36 of the Original Complaint and on that basis denies those allegations.

37.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37 of the Original Complaint and on that basis denies those allegations.

38.     Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38 of the Original Complaint and on that basis denies those allegations.

39.     Tierra denies the allegations in Paragraph 39 of the Original Complaint to the extent that those allegations are directed to the activities of Tierra.  Tierra lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 39 of the Original Complaint to the extent that the allegations in Paragraph 39 of the Original Complaint are directed to the activities of parties other than Tierra, and on that basis denies those allegations.

## Prayer for Relief

40.     Tierra denies that Plaintiff is entitled to any of the relief it has requested in paragraphs a-g of its prayer for relief, and denies all factual allegations contained therein.

41.     To the extent that any allegations of the Original Complaint have not been previously specifically admitted or denied, Tierra denies them.

## AFFIRMATIVE DEFENSES

Tierra asserts the following additional defenses to the allegations in the Original Complaint.

## First Affirmative Defense

## (Failure to State a Claim)

42.     Plaintiff's Original Complaint fails to state any claim upon which relief can be granted.

43.     Tierra has not infringed any claim of the '554 patent, '203 patent, '352 patent, '800 patent, or the '993 patent ("the Patents-in-Suit") asserted by Plaintiff, either willfully or otherwise.

44.     Tierra has not caused, with knowledge, specific intent or otherwise, equipment suppliers, service providers and/or others to infringe any claim of the Patents-in-Suit asserted by Plaintiff either willfully or otherwise.

45.     Plaintiff's purported claims, individually and as a whole, are barred because they fail to state a claim upon which relief can be granted.

46.     Plaintiff has not been damaged in any amount, manner or at all by reason of any act alleged against Tierra therefore the relief prayed for cannot be granted.

47.     Plaintiff is not entitled to injunctive relief in any form whatsoever.

## Second Affirmative Defense

## (Invalidity)

48.     One or more claims of the Patents-in-Suit asserted by Plaintiff are invalid for failure to satisfy the conditions of patentability, including without limitation the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

## Third Affirmative Defense

## (Non-Infringement)

49.     Tierra has not directly infringed (literally or under the doctrine of equivalents), induced another to infringe or contributed to another's infringement of any valid and enforceable claim of the Patents-in-Suit.

## Fourth Affirmative Defense

## (Failure to Mark)

50.     Plaintiff's Original Complaint and the relief requested therein regarding claims of

thee Patents-in-Suit asserted by Plaintiff are barred in whole or in part by the failure to mark or

notify as required by 35 U.S.C. § 287.

## Fifth Affirmative Defense

### (Exhaustion)

51.     At least some of the acts alleged to be infringing in the Original Complaint

constitute, involve or are otherwise directly related to acts by at least one third party authorized

to perform such acts.

52.     Tierra is not liable to Plaintiff for such allegedly infringing acts because

Plaintiff's patent rights are exhausted with respect to such acts by Tierra.

## Sixth Affirmative Defense

### (Statute of Limitations)

53.     To the extent Plaintiff seeks damages for alleged infringement more than six years

prior to the filing of the present Original Complaint, Plaintiff's claims are barred by the statute of

limitations under 35 U.S.C. § 286.

## Seventh Affirmative Defense

### (Equitable Defenses)

54.     The Original Complaint is barred in whole or in part under principles of equity,

including laches, prosecution laches, waiver, estoppel and/or unclean hands.

## Eighth Affirmative Defense

### (Adequate Remedy at Law)

55.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is

not immediate or irreparable and Plaintiff has an adequate remedy at law.

## Reserving All Defenses

56.     Tierra reserves all defenses under the Federal Rules of Civil Procedure, the Patent

Laws of the United States, and any other defenses, at law or in equity, that may now exist or in

the future be available based on discovery and further factual investigation in this case.

## II.      COUNTERCLAIM

### The Parties

1.      Counterclaimant Topcon Tierra incorporates by reference its responses in Paragraphs 1-56 of its Answer to the Original Complaint as though set forth fully and completely herein.

2.      Topcon Tierra ("Tierra") is a is a joint venture company established by Topcon Positioning Systems, Inc. (TPS) and Divitech S.p.A., with its principal place of business in Livermore, California.

3.      Tierra is informed and believes, and therefore alleges, that counterclaim defendant Innovative Global Systems, LLC ("IGS") is a limited liability company existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

### Jurisdiction and Venue

4.      This action arises under, and this Court has jurisdiction pursuant to, 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and the patent laws of the United States, Title 35, United States Code and other statutes cited herein.   This Court has subject matter jurisdiction over the claims asserted herein by reason of 28 U.S.C. §§ 1331 and 1338.

5.      IGS has submitted itself to the personal jurisdiction of this Court because IGS filed this action in this Court.

6.      While this venue is inconvenient for the parties and witnesses, and bears virtually no connection to this dispute, this district is a proper venue for this Counterclaim pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because IGS filed its Original Complaint in this district.

7.      In the Original Complaint, IGS purports to be the owner of United States Patent No. 6,608,554 ("the '554 Patent"), United States Patent No. 6,411,203 ("the '203 Patent"), United States Patent No. 6,744,352 ("the '352 Patent"), United States Patent No. 7,015,800 ("the

'800 Patent"), and United States Patent No. 7,449,993 ("the '993 Patent") (the "Patents-in-Suit") and alleges that Tierra infringed and is currently infringing one or more claims of the Patents-in-Suit.  Thus, an actual controversy within the meaning of 28 U.S.C. § 2201 exists between Tierra and IGS regarding the infringement, validity and enforceability of the Patents-in-Suit.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment that Tierra has not Infringed the '554 Patent)**

8.      Tierra incorporates by reference Paragraphs 1-7 of this Counterclaim as though set forth fully and completely herein.

9.      Tierra has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '554 Patent.

10.     As a result of IGS's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and IGS regarding alleged infringement of the '554 Patent.

11.     Tierra is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '554 Patent.

### SECOND CLAIM FOR RELIEF

**(Declaratory Judgment that Tierra has not Infringed the '203 Patent)**

12.     Tierra incorporates by reference Paragraphs 1-11 of this Counterclaim as though set forth fully and completely herein.

13.     Tierra has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '203 Patent.

14.     As a result of IGS's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and IGS regarding alleged infringement of the '203 Patent.

15.     Tierra is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '203 Patent.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment that Tierra has not Infringed the '352 Patent)**

16.     Tierra incorporates by reference Paragraphs 1-15 of this Counterclaim as though set forth fully and completely herein.

17.     Tierra has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '352 Patent.

18.     As a result of IGS's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and IGS regarding alleged infringement of the '352 Patent.

19.     Tierra is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '352 Patent.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment that Tierra has not Infringed the '800 Patent)**

20.     Tierra incorporates by reference Paragraphs 1-19 of this Counterclaim as though set forth fully and completely herein.

21.     Tierra has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '800 Patent.

22.     As a result of IGS's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and IGS regarding alleged infringement of the '800 Patent.

23.     Tierra is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '800 Patent.

<u>**FIFTH CLAIM FOR RELIEF**</u>

**(Declaratory Judgment that Tierra has not Infringed the '993 Patent)**

24.    Tierra incorporates by reference Paragraphs 1-23 of this Counterclaim as though set forth fully and completely herein.

25.    Tierra has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '993 Patent.

26.    As a result of IGS's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and IGS regarding alleged infringement of the '993 Patent.

27.    Tierra is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '993 Patent.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Declaratory Judgment that the '554 Patent is Invalid)**

28.    Tierra incorporates by reference Paragraphs 1 though 27, inclusive, of this Counterclaim as though set forth fully and completely herein.

29.    The claims of the '554 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

30.    As a result of Plaintiff's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and Plaintiff regarding the validity of the '554 Patent.

31.    Tierra is entitled to a declaration that the '554 Patent is invalid.

<u>SEVENTH CLAIM FOR RELIEF</u>

**(Declaratory Judgment that the '203 Patent is Invalid)**

32.      Tierra incorporates by reference Paragraphs 1 though 31, inclusive, of this Counterclaim as though set forth fully and completely herein.

33.      The claims of the '203 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

34.      As a result of Plaintiff's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and Plaintiff regarding the validity of the '203 Patent.

35.      Tierra is entitled to a declaration that the '203 Patent is invalid.

<u>EIGHTH CLAIM FOR RELIEF</u>

**(Declaratory Judgment that the '352 Patent is Invalid)**

36.      Tierra incorporates by reference Paragraphs 1 though 35, inclusive, of this Counterclaim as though set forth fully and completely herein.

37.      The claims of the '352 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

38.      As a result of Plaintiff's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and Plaintiff regarding the validity of the '352 Patent.

39.      Tierra is entitled to a declaration that the '352 Patent is invalid.

<u>**NINTH CLAIM FOR RELIEF**</u>

**(Declaratory Judgment that the '800 Patent is Invalid)**

40.     Tierra incorporates by reference Paragraphs 1 though 39, inclusive, of this Counterclaim as though set forth fully and completely herein.

41.     The claims of the '800 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

42.     As a result of Plaintiff's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and Plaintiff regarding the validity of the '800 Patent.

43.     Tierra is entitled to a declaration that the '800 Patent is invalid.

<u>**TENTH CLAIM FOR RELIEF**</u>

**(Declaratory Judgment that the '993 Patent is Invalid)**

44.     Tierra incorporates by reference Paragraphs 1 though 43, inclusive, of this Counterclaim as though set forth fully and completely herein.

45.     The claims of the '993 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double patenting.

46.     As a result of Plaintiff's actions and statements, including the filing of the Original Complaint, an actual controversy exists between Tierra and Plaintiff regarding the validity of the '993 Patent.

47.     Tierra is entitled to a declaration that the '993 Patent is invalid.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendant and Counterclaimant Tierra prays:

A.      That this Court enter an order declaring that Tierra has not infringed and does not infringe, either directly, contributorily or through inducement, any claim of the Patents-in-Suit;

B.      That this Court enter an order declaring that the Patents-in-Suit are invalid and without force and effect;

E.      That the underlying Original Complaint be dismissed with prejudice and that all relief requested in the underlying Original Complaint be denied;

F.      That Tierra be awarded its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes; and

G.      For such other and further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Tierra demands a trial by jury as to all issues so triable raised in the Original Complaint, and in this Answer and Counterclaims.

Date: September 9, 2010                          Respectfully submitted,

                                                                  /s/ Michael E. Jones
                                                                  Michael E. Jones
                                                                  Texas State Bar No. 10929400
                                                                  mikejones@potterminton.com
                                                                  110 N. College Ave., Suite 500 (75702)
                                                                  P.O. Box 359
                                                                  Tyler, Texas 75710
                                                                  Telephone: 903.597.8311
                                                                  Fax: 903.593.0846

                                                                  Robert A. Van Nest
                                                                  Eugene M. Paige
                                                                  KEKER & VAN NEST, LLP
                                                                  710 Sansome St.
                                                                  San Francisco, CA 94111
                                                                  Telephone: 415.391.5400
                                                                  Fax: 415.397.7188

                                                                  **ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT TOPCON TIERRA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 9, 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones

ANSWER AND COUNTERCLAIMS OF TOPCON TIERRA
CASE NO. 6:10-CV-00327-LED