IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS, LLC, § § Plaintiff, § § § § VOLVO CONSTRUCTION EQUIPMENT § NORTH AMERICA, INC., VOLVO TRUCKS § NORTH AMERICA, INC., KOMATSU § AMERICA CORP., CATERPILLAR, INC., § HYUNDAI CONSTRUCTION EQUIPMENT § AMERICAS, INC., TOPCON TIERRA, § STARTRAK SYSTEMS, LLC, WIRELESS § MATRIX USA, LLC, JLG INDUSTRIES § INC., TYLER TECHNOLOGIES, INC., § GEOTAB, INC., and NAVISTAR, INC., § § Defendants. § | CIVIL CASE NO. 6:10-cv-00327-LED  JURY TRIAL DEMANDED |

**DEFENDANT GEOTAB, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF INNOVATIVE GLOBAL SYSTEMS LLC'S ORIGINAL COMPLAINT**

Defendant GEOTAB, Inc. ("GEOTAB"), for its Answer and Counterclaims to the Original Complaint ("Complaint") of Innovative Global Systems, LLC ("IGS") in this action states as set forth below. The paragraphs below correspond to the paragraphs with the same number in the Complaint.

**I.   THE PARTIES**

1. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and therefore denies same.

7. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and therefore denies same.

8. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

12. GEOTAB admits that it is a corporation organized and existing under the laws of Canada, with its principal place of business in Ontario, Canada. GEOTAB admits that it engages in business in the State of Texas but does not maintain a regular place if business in the State of Texas or a designated agent for service of process. GEOTAB has voluntarily accepted service for purposes of efficiency only for this case. GEOTAB denies the remaining allegations of paragraph 12 of the Complaint.

13. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

## II. JURISDICTION AND VENUE

14. GEOTAB admits that the Complaint purports to be an action for alleged infringement of United States patents. GEOTAB admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) to adjudicate actions arising under the patent laws of the United States. GEOTAB denies it has committed any act that would give rise to any cause of action asserted in the Complaint. As to any allegations of paragraph 14 of the Complaint that are directed to any defendant other than GEOTAB, GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies same. GEOTAB denies the remaining allegations in paragraph 14 of the Complaint.

15. Solely with respect to GEOTAB and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction or challenge to venue in connection with any other cause of action or claim, GEOTAB does not contest the Court's personal jurisdiction over GEOTAB or the appropriateness of venue in this action. GEOTAB denies that it has committed any act within the State of Texas or elsewhere that would give rise to any cause of action asserted in the Complaint. GEOTAB denies that it makes, uses, or sells any infringing products within the Eastern District of Texas or elsewhere. GEOTAB denies that any products sold by defendant Tyler Technologies that are made and

supplied solely by GEOTAB constitute "infringing products." As to all other allegations of Paragraph 15 of the Complaint as to defendants other that GEOTAB, GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies same.  GEOTAB denies all remaining allegations of Paragraph 15 of the Complaint.

16. Solely with respect to GEOTAB and for the purpose of this action and the counterclaims set forth herein, and without waiving any defense of lack of venue or improper venue in connection with any other cause of action or claim, GEOTAB does not contest whether venue properly lies in this district.  To the extent that the allegations of paragraph 16 of the Complaint are directed to the actions of or alleged facts concerning defendants other than GEOTAB, GEOTAB is without information or knowledge sufficient to admit or deny the allegations and, therefore denies same.  GEOTAB admits that the present case is the third lawsuit that IGS has filed in the Eastern District of Texas on the five patents in the present suit and that the five patents generally are directed to telematics technology.  GEOTAB admits that the Court issued a provisional claim construction ruling in the case of *Innovative Global Systems LLC v. Turnpike Global Technologies, Inc., et al.*, C.A. No. 6:09-cv-00157, but is without information sufficient to form a belief as to whether the claim construction briefing in that that case was "full" or whether any oral argument was complete.  To the extent that IGS contends that any such ruling shall be considered final or legally binding upon GEOTAB, GEOTAB denies any such allegation.  GEOTAB admits that the case against Turnpike Global Technologies was pending at the time IGS filed the complaint in the present case but denies that the case against Turnpike Global Technologies is still pending, as the Court dismissed that case on August 2, 2010, without making the provisional claim constructions in that case final.  GEOTAB admits that IGS filed the lawsuit entitled *Innovative Global Systems LLC v. Teletrac., Inc. et al*., C.A. No. 6:10-cv-40 and admits that such case is still pending.  GEOTAB denies all remaining allegations of paragraph 16 of the Complaint.

### III. PATENTS-IN-SUIT

17. GEOTAB admits that U.S. Patent No. 6,608,554 ("the '554 patent") is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal." GEOTAB admits that the '554 patent was issued on August 19, 2003, but denies that it was "duly and legally" issued. GEOTAB admits that Exhibit A to the Complaint purports to be a true and correct copy of the' 554 patent. GEOTAB denies all remaining allegations of paragraph 17 of the Complaint.

18. GEOTAB admits that U.S. Patent No. 6,411,203 ("the '203 patent") is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal." GEOTAB admits that the '203 patent was issued on June 25, 2002, but denies that it was "duly and legally" issued. GEOTAB admits that Exhibit B to the Complaint appears to be a true and correct copy of the '203 patent.

19. GEOTAB admits that U.S. Patent No. 6,744,352 ("the '352 patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." GEOTAB admits that the '352 patent was issued on June 1, 2004, but denies that it was "duly and legally" issued. GEOTAB admits that Exhibit C to the Complaint purports to be a true and correct copy of the '352 patent.

20. GEOTAB admits that U.S. Patent No. 7,015,800 ("the '800 patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." GEOTAB admits that the '800 patent was issued on March 21, 2006, but denies that it was "duly and legally" issued. GEOTAB admits that Exhibit D to the Complaint purports to be a true and correct copy of the' 800 patent.

21. GEOTAB admits that U.S. Patent No. 7,449,993 ("the '993 patent") is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." GEOTAB admits that the '993 patent was issued on November 11, 2008, but denies that it was "duly and legally" issued. GEOTAB admits that Exhibit E to the Complaint purports to be a true and correct copy of the '993 patent.

22. GEOTAB admits that IGS refers to the '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent collectively as the "Patents-in-Suit."

23. GEOTAB denies IGS's characterization of the Patents-in-Suit and avers that with respect to this lawsuit, the products or technology to which the Patents-in-Suit "very generally speaking" relate is of no legal consequence. The scope of the Patents-in-Suit is determined solely by their claims. Except as expressly admitted, GEOTAB denies the allegations in paragraph 23 of the Complaint.

## IV. ALLEGED PATENT INFRINGEMENT

24. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and therefore denies same.

25. As to the allegations of paragraph 25 of the Complaint that are directed to GEOTAB, GEOTAB denies such allegations. As to the allegations of paragraph 25 of the Complaint that are directed solely to sale and/or offer for sale of products solely manufactured by GEOTAB by Tyler Technologies, GEOTAB denies such allegations. As to the remaining allegations of paragraph 25 of the Complaint with regard to Tyler Technologies or any other defendant, GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies same. GEOTAB denies all remaining allegations of paragraph 25 of the Complaint.

26. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and therefore denies same.

27. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint and therefore denies same.

30. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint and therefore denies same.

31. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and therefore denies same.

32. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint and therefore denies same.

33. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and therefore denies same.

34. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and therefore denies same.

35. As to the allegations of paragraph 35 of the Complaint, upon information and belief, Tyler Technologies sells and offers for sale products used for communication of information between vehicles and other locations. To the extent that such products are made entirely by GEOTAB, upon information and belief, GEOTAB denies that such products infringe one or more claims of the Patents-in-Suit. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 35 of the Complaint and therefore denies same.

36. GEOTAB denies the allegations of paragraph 36 of the Complaint.

37. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint and therefore denies same.

38. GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint and therefore denies same.

39. As to the allegations of paragraph 39 of the Complaint against GEOTAB, GEOTAB denies the allegations. As to the allegations of paragraph 39 of the Complaint against defendants other than GEOTAB, GEOTAB is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies same.

## V. JURY DEMAND

No response is necessary to IGS's Jury Demand. However, to the extent that a response is necessary, GEOTAB admits that IGS requests a trial by jury. GEOTAB requests a trial by jury.

## VI. RESPONSE TO IGS' PRAYER FOR RELIEF

The allegations in the paragraph requesting relief are in the nature of prayer. Although no answer is required, GEOTAB responds to the individual requests for relief as follows:

a. With regard to IGS' prayer for judgment that GEOTAB or its products or services, sold directly or by others, have infringed the Patents in Suit in any manner, GEOTAB denies any and all liability for IGS' claims and denies that IGS is entitled to such prayed-for relief and requests that the Court deny such relief. With respect to the prayer for judgment based upon allegations against any defendant other than GEOTAB, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to the requested relief. As to any other relief requested by this portion of IGS' prayer, GEOTAB denies that IGS is entitled to any such relief.

b. With regard to IGS' prayer GEOTAB account for and pay to IGS all alleged damages to and costs incurred by IGS because of any alleged infringement by GEOTAB or other conduct, GEOTAB denies that IGS is entitled to such relief and requests that the Court deny such relief. With respect to the prayer for accounting and payment by any other defendants in the case to IGS, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to the requested relief. As to any other relief requested by this portion of IGS' prayer, GEOTAB denies that IGS is entitled to any such relief.

c. With regard to IGS' prayer that the Court enter a permanent injunction against GEOTAB, its officers, agents, servants, employees and those in active concert and participation with any of them or that the Court award post judgment royalty to be paid by GEOTAB to IGS because of any alleged infringement by GEOTAB or other conduct, GEOTAB denies that IGS is entitled to such relief and requests that the Court deny such relief. With respect to the prayer for permanent injunction against or post judgment royalty by any other defendants in the case to IGS, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to the requested relief. As to any other relief requested by this portion of IGS' prayer, GEOTAB denies that IGS is entitled to any such relief.

d. [Not used in Complaint].

e. With regard to IGS' prayer that the Court grant pre-judgment and post-judgment interest against GEOTAB because of any alleged infringement by GEOTAB, GEOTAB's conduct, products, or services, GEOTAB denies that IGS is entitled to such relief and requests that the Court deny such relief. With respect to the prayer for pre-judgment and post-judgment interest against any other defendants in the case to IGS, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to the requested relief. As to any other relief requested by this portion of IGS' prayer, GEOTAB denies that IGS is entitled to any such relief.

f. With regard to IGS' prayer that the Court declare this case an exceptional case against GEOTAB and award IGS its reasonable attorneys' fees and costs, GEOTAB denies that IGS is entitled to such relief and requests that the Court deny such relief. With respect to IGS' prayer that the Court declare this case an exceptional case and award attorneys' fees and costs against any other defendants in the case to IGS, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to the requested relief. As to any other relief requested by this portion of IGS' prayer, GEOTAB denies that IGS is entitled to any such relief.

g. With regard to IGS request for any other and further relief as against GEOTAB, GEOTAB denies that IGS is entitled to any further relief and requests that the Court grant no further relief to IGS against GEOTAB. To the extent that IGS prays for other and further relief from defendants other than GEOTAB, GEOTAB is without information sufficient to form a response and therefore denies that IGS is entitled to any other or further relief.

To the extent that IGS seeks any relief as against GEOTAB or its products, to the extent not denied above, GEOTAB denies that the Court should award IGS any relief against GEOTAB.

DM_US:23429814_1

## VII. GENERAL DENIAL

GEOTAB denies all allegations not expressly admitted.

## VIII. AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

40.  IGS' complaint lacks specificity as to which patent(s) and claim(s) IGS alleges GEOTAB infringes.  GEOTAB has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

### Second Defense: Invalidity

41.  The Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.,* including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

### Third Defense: Prosecution History Estoppel

42.  IGS is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims, whether under the doctrine of equivalents or otherwise, of the Patents-in-Suit to cover any product manufactured, sold, or offered for sale by GEOTAB.

### Fourth Defense: Failure to Mark, Lack of Notice

44.  Prior to receiving a copy of the complaint in this action, GEOTAB had neither actual nor constructive notice of IGS's allegations of infringement. Upon information and belief, neither IGS, IGS's licensees, nor the prior assignees or their licensees, marked devices that embody any of the purported claims of the Patents-in-Suit with proper notice of such patents, as required by 35 U.S.C. § 287.  IGS is not entitled to any pre-filing damages pursuant to § 287.

### Fifth Defense: No Irreparable Harm/Unavailability of Injunctive Relief

45.  Claims by IGS for injunctive relief are barred as a matter of law because IGS has an adequate remedy at law for any claims included in the Complaint on which IGS may ultimately prevail.

## IX. COUNTERCLAIMS

For its counterclaims against IGS, GEOTAB alleges as follows:

47. GEOTAB incorporates the allegations of the preceding paragraphs as if fully set forth herein.

48. The Complaint has established an actual and justiciable controversy between GEOTAB and IGS at least with respect to whether GEOTAB infringes the Patents in Suit and whether the claims of such patents are valid.

49. Jurisdiction over the subject matter of the controversy, personal jurisdiction over IGS, and venue are co-extensive with the Complaint.

### COUNT ONE

### Declaratory Judgment of Non-Infringement of the Patents-in-Suit

50. GEOTAB incorporates each preceding allegation as though expressly stated herein.

51. IGS alleges that GEOTAB infringes the Patents-in-Suit.

52. GEOTAB has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit.

### COUNT TWO

### Declaratory Judgment of Invalidity of the Patents-in-Suit

53. GEOTAB incorporates each preceding allegation as though expressly stated herein.

54. One or more claims of the Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.,* including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

### COUNT THREE

### Attorneys' Fees and Costs

55. GEOTAB incorporates each preceding allegation as though expressly stated herein.

54. GEOTAB is entitled to a declaration that this is an "exceptional" within the meaning of 35 U.S.C. § 285, entitling GEOTAB to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

## X. PRAYER FOR RELIEF

WHEREFORE, GEOTAB respectfully prays for judgment against IGS as follows:

a) Dismissing with prejudice the Complaint against GEOTAB;

b) Denying IGS all of the relief requested against GEOTAB in the Complaint;

c) Declaring that GEOTAB does not infringe, contributorily infringe, or induce infringement of any claim of the Patents-in-Suit;

d) Declaring that the Patents-in-Suit are invalid;

e) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to GEOTAB its attorneys' fees;

f) Awarding to GEOTAB its costs and disbursements of this action; and

g) Awarding such other and further relief as this Court may deem just and proper.

**GEOTAB DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED: September 9, 2010

                Respectfully submitted,
                */s/* Peter J. Chassman
                Peter J. Chassman
                ***Lead Attorney***
                Texas State Bar No. 00787233
                E-mail: chassmanp@howrey.com
                Tyler T. VanHoutan
                Texas State Bar No. 24033290
                E-mail: vanhoutant@howrey.com
                **HOWREY LLP**
                1111 Louisiana, 25th Floor
                Houston, Texas 770002
                Telephone: (713) 787-1623
                Fax: (713) 456-2055

                ATTORNEYS FOR GEOTAB, INC.

OF COUNSEL:

James C. Tidwell
Texas State Bar No. 20020100
WOLFE, TIDWELL & MCCOY, LLP
123 N. Crockett, Suite 100
Sherman, Texas 75090
Telephone: (903) 868-1933
Facsimile: (903) 892-2397
E-Mail: jct@wtmlaw.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of September 9th, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                              */s/* Peter J. Chassman
                                              Peter J. Chassman