IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>  *Plaintiff,*<br><br>  v.<br><br>VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR, INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES, INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., AND NAVISTAR, INC.<br><br>  *Defendants.* | Civil Action No. 6:10-cv-00327-LED<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS OF
HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC. TO
INNOVATIVE GLOBAL SYSTEMS LLC'S ORIGINAL COMPLAINT**

For its Answer and Counterclaims to the Complaint of plaintiff Innovative Global Systems LLC ("IGS") (the "Complaint"), defendant Hyundai Construction Equipment Americas, Inc. ("Hyundai") responds to each of the numbered paragraphs of the Complaint as follows:

## I. THE PARTIES

1. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies those allegations.

2. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies those allegations.

3. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies those allegations.

4. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies those allegations.

5. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies those allegations.

6. Hyundai denies the allegations of Paragraph 6 of the Complaint, except that Hyundai admits that it is an Illinois corporation with its principal place of business located in Elk Grove Village, Illinois, and has a registered agent, Ki Saeng Song, located at 955 Estes Avenue, Elk Grove Village, Illinois.

7. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies those allegations.

8. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies those allegations.

9. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies those allegations.

10. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies those allegations.

11. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies those allegations.

12. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies those allegations.

13. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and therefore denies those allegations.

## II. JURISDICTION AND VENUE

14. Hyundai denies the allegations of Paragraph14 of the Complaint, except that Hyundai admits that Paragraph 14 purports to base this Court's jurisdiction under Title 28 U.S.C. § 1338(a).

15. Hyundai denies the allegations of Paragraph 15 of the Complaint as they pertain to Hyundai, except that Hyundai admits that it is has transacted business within the Eastern District of Texas. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint as they pertain to the other defendants, and therefore denies those allegations.

16. Hyundai denies the allegations of Paragraph 16 of the Complaint, and Hyundai states that the Court's record speaks for itself as it pertains to the events of the prior lawsuits brought by IGS.

## III. PATENTS-IN-SUIT

17. Hyundai denies the allegations of Paragraph 17 of the Complaint, except that Hyundai admits that what purports to be a true and correct copy of U.S. Patent No. 6,608,554 ("the '554 patent"), entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal," dated August 19, 2003, is attached to the Complaint as Exhibit A.

18. Hyundai denies the allegations of Paragraph 18 of the Complaint, except that Hyundai admits that what purports to be a true and correct copy of U.S. Patent No. 6,411,203 ("the '203 patent"), entitled "Apparatus and Method for Data Communication Between Heavy

Duty Vehicle and Remote Data Communication Terminal," dated June 25, 2002, is attached to the Complaint as Exhibit B.

19. Hyundai denies the allegations of Paragraph 19 of the Complaint, except that Hyundai admits that what purports to be a true and correct copy of U.S. Patent No. 6,744,352 ("the '352 patent"), entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" dated June 1, 2004, is attached to the Complaint as Exhibit C.

20. Hyundai denies the allegations of Paragraph 20 of the Complaint, except that Hyundai admits that what purports to be a true and correct copy of U.S. Patent No. 7,015,800 ("the '800 patent"), entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," dated March 21, 2006, is attached to the Complaint as Exhibit D.

21. Hyundai denies the allegations of Paragraph 21 of the Complaint, except that Hyundai admits that what purports to be a true and correct copy of U.S. Patent No. 7,449,993 ("the '993 patent"), entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network," dated November 11, 2008, is attached to the Complaint as Exhibit E.

22. Hyundai states that the Complaint speaks for itself, and otherwise denies the allegations set forth in Paragraph 22 of the Complaint.

23. Hyundai states that the Patents-in-Suit speak for themselves, and otherwise denies the allegations set forth in Paragraph 23 of the Complaint.

## IV. **PATENT INFRINGEMENT**

24. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies those allegations.

25. Hyundai denies the allegations set forth in Paragraph 25 of the Complaint as they pertain to Hyundai. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint as they pertain to the other defendants, and therefore denies those allegations.

26. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies those allegations.

27. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore denies those allegations.

28. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore denies those allegations.

29. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and therefore denies those allegations.

30. Hyundai denies the allegations set forth in Paragraph 30 of the Complaint.

31. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies those allegations.

32. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies those allegations.

33. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies those allegations.

34. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies those allegations.

35. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and therefore denies those allegations.

36. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies those allegations.

37. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and therefore denies those allegations.

38. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies those allegations.

39. Hyundai denies the allegations set forth in Paragraph 39 of the Complaint as they pertain to Hyundai. Hyundai lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint as they pertain to the other defendants, and therefore denies those allegations.

## V.  JURY DEMAND

No response is necessary to IGS's Jury Demand, however to the extent that a response is necessary, Hyundai admits that IGS requests a trial by jury.

## VI.  PRAYER FOR RELIEF

As to any prayed for relief sought from Hyundai, Hyundai denies that IGS is entitled to any relief whatsoever. Hyundai lacks knowledge or information sufficient to form a

belief as to the bases for the prayed-for relief as they pertain to the other defendants, and therefore denies IGS is entitled to any such relief.

## VII. GENERAL DENIAL

Hyundai denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

40. Hyundai does not infringe and has not infringed any valid claim of the Patents-in-Suit, either directly, by active inducement, or by contributing to infringement by others.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

41. Each of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, 112, and/or 120 thereof.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

42. To the extent IGS alleges infringement under the doctrine of equivalents, IGS's alleged cause of action is barred under the doctrine of prosecution history estoppel.

43. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the Patents-in-Suit and applications to which the Patents-in-Suit claim priority, IGS is estopped from asserting that the Patents-in-Suit cover or include any accused Hyundai product or service.

**FOURTH AFFIRMATIVE DEFENSE**
**(Limitations on Damages and Costs)**

44. IGS's claims for patent infringement damages, if any, are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unavailability of Injunctive Relief)**

45. Claims by IGS for injunctive relief are barred as a matter of law because IGS has an adequate remedy at law for any claims included in the Complaint on which IGS may ultimately prevail.

**COUNTERCLAIMS**

For its counterclaims against Plaintiff Innovative Global Systems LLC ("IGS"), Defendant Hyundai Construction Equipment Americas, Inc. ("Hyundai") alleges as follows:

**THE PARTIES**

1. Counterclaimant Hyundai is an Illinois corporation with its principal place of business at 955 Estes Avenue, Elk Grove Village, Illinois 60007.

2. Counterdefendant IGS, by its Complaint, represents that it is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

3. IGS alleges in its Complaint that it is the owner of U.S. Patent Nos. 6,411,203, 6,608,554, 6,744,352, 7,015,800, and 7,449,993 (collectively, the "Patents-in-Suit") with the exclusive right to enforce them.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual, justiciable controversy concerning the validity and infringement of the Patents-in-Suit by virtue of IGS's Complaint in this action.

5.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

6.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(b), and because IGS has invoked the jurisdiction of this court.

## FIRST COUNTERCLAIM
### (Patent Non-Infringement)

7.      Hyundai repeats and realleges each and every allegations set forth in Paragraphs 1-6 of the Counterclaims as if set forth at length herein.

8.      An actual controversy exists between Hyundai and IGS concerning the alleged infringement of the Patents-in-Suit by virtue of the allegations of IGS's Complaint in this action.

9.      Hyundai does not infringe and has not infringed any claim of the Patents-in-Suit, either directly, by active inducement, or by contributing to infringement by others.

10.     Hyundai seeks a declaration from this Court that Hyundai does not infringe any valid claim of the Patents-in-Suit.

## SECOND COUNTERCLAIM
### (Patent Invalidity)

11. Hyundai repeats and realleges each and every allegations set forth in Paragraphs 1-6 of the Counterclaims as if set forth at length herein.

12. An actual controversy exists between Hyundai and IGS concerning the validity of the Patents-in-Suit by virtue of the allegations of IGS's Complaint in this action.

13. Each of the asserted claims of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of patentability stated in Title 35, United States Code, and particularly the requirements of one or more of 35 U.S.C. Sections 101, 102, 103, 112, and/or 120.

14. Hyundai seeks a declaration from this Court that the asserted claims of the Patents-in-Suit are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Hyundai respectfully demands judgment:

A. Dismissing IGS's Complaint as against Hyundai with prejudice;

B. That Hyundai does not infringe any of the Patents-in-Suit;

C. That the claims of the Patents-in-Suit asserted to be infringed are invalid;

D. Declaring this an exceptional case under 35 U.S.C. § 285 and awarding to Hyundai its costs and disbursements of this action, including its reasonable attorneys' fees, and any and all other damages as Hyundai may prove;

E. Enjoining IGS, its affiliates, agents, employees and attorneys, and those persons in active concert of participation with any of them who receive actual notice of the injunction, from directly or indirectly charging infringement of, or instituting any further action of infringement of, any of the Patents-in-Suit against Hyundai or any of Hyundai's direct or indirect customers, partners or suppliers; and

F. Awarding to Hyundai such other and further relief as the Court deems just and equitable.

Dated: September 9, 2010

Respectfully submitted,

*/s/ Ching-Lee Fukuda, with permission by Michael E. Jones*
Michael E. Jones
Texas State Bar No. 10929400
mikejones@potterminton.com
Allen Franklin Gardner
Texas State Bar No. 24043679
allengardner@potterminton.com
Potter Minton
A Professional Corporation
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

William J. McCabe
Ching-Lee Fukuda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: william.mccabe@ropesgray.com
      ching-lee.fukuda@ropesgray.com

Attorneys for
DEFENDANT HYUNDAI
CONSTRUCTION EQUIPMENT
AMERICAS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 9, 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.

                                              */s/ Michael E. Jones*
                                              Michael E. Jones