**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **INNOVATIVE GLOBAL SYSTEMS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **VOLVO CONSTRUCTION** | § | **No. 6:10cv327 - LED** |
| **EQUIPMENT NORTH AMERICA, INC.,** | § | |
| **VOLVO TRUCKS NORTH AMERICA,** | § | |
| **INC., KOMATSU AMERICA CORP.,** | § | |
| **CATERPILLAR, INC., HYUNDAI** | § | |
| **CONSTRUCTION EQUIPMENT** | § | **JURY TRIAL DEMANDED** |
| **AMERICAS, INC., TOPCON TIERRA,** | § | |
| **STARTRAK SYSTEMS, LLC,** | § | |
| **WIRELESS MATRIX USA, LLC, JLG** | § | |
| **INDUSTRIES INC., TYLER** | § | |
| **TECHNOLOGIES, INC., GEOTAB,** | § | |
| **INC., and NAVISTAR, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORIGINAL ANSWER OF DEFENDANT
JLG INDUSTRIES INC. TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant JLG Industries Inc. ("JLG") respectfully files its Original Answer and Counterclaim to Plaintiff's Original Complaint (the "Complaint"):

**THE PARTIES**

1.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 1 of the Complaint and, accordingly, denies the same.

2.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 2 of the Complaint and, accordingly, denies the same.

3.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 3 of the Complaint and, accordingly, denies the same.

4.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 4 of the Complaint and, accordingly, denies the same.

5.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 5 of the Complaint and, accordingly, denies the same.

6.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 6 of the Complaint and, accordingly, denies the same.

7.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 7 of the Complaint and, accordingly, denies the same.

8.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 8 of the Complaint and, accordingly, denies the same.

9.      JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 9 of the Complaint and, accordingly, denies the same.

10.     JLG admits that it is a corporation organized and existing under the laws of the State of Pennsylvania.  JLG further admits that it has designated a registered agent for service of

process at CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, PA 17101.  JLG denies any remaining allegations set forth in paragraph 10 of the Complaint.

11.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 11 of the Complaint and, accordingly, denies the same.

12.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 12 of the Complaint and, accordingly, denies the same.

13.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 13 of the Complaint and, accordingly, denies the same.

### JURISDICTION AND VENUE

14.     JLG admits that the Complaint alleges that this is an action for patent infringement.  JLG further admits that subject-matter jurisdiction of patent claims is conferred upon this Court by 28 U.S.C. § 1338.  JLG denies any remaining allegations set forth in paragraph 14 of the Complaint.

15.     JLG denies that it makes, uses, sells, or offers to sell any allegedly infringing products within the Eastern District of Texas or elsewhere.  JLG admits that it has transacted business in the state of Texas.  JLG states that the remaining allegations of paragraph 15 as to it are legal conclusions to which no response is required and to the extent a response is required JLG denies such allegations.  As to the allegations regarding other named defendants, JLG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and, accordingly, denies the same.

16.     JLG admits that according to the Court's ECF system Plaintiff initiated the lawsuit styled *Innovative Global Systems LLC v. Turnpike Global Technologies, Inc, et al.*, Cause No. 6:09-cv-00157 in the Eastern District of Texas and that an order was issued by the Court on June 4, 2010 regarding claim constructions.  JLG further admits that according to the Court's ECF system, as of the date of the filing of the Complaint, that case was pending; it has now been dismissed.  JLG further admits that according to the Court's ECF system Plaintiff initiated the lawsuit styled  *Innovative Global Systems LLC v. Teletrac Inc., et al.*, Cause No. 6:10-cv-40 in the Eastern District of Texas and it remains pending.  JLG is without knowledge or information sufficient to form a belief regarding the truth of any remaining allegations set forth in paragraph 16 of the Complaint and, accordingly, denies the same.

## PATENTS-IN-SUIT

17.     JLG admits that on August 19, 2003, United States Patent No. 6,608,554 ("the '554 patent") entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal" was issued.  JLG further admits that a copy of the '554 patent is attached as Exhibit A to the Complaint.  JLG denies that the '554 patent was duly and legally issued.  JLG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint, and, accordingly, denies the same.

18.     JLG admits that on June 25, 2002, United States Patent No. 6,411,203 ("the '203 patent") entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Date Communication Terminal" was issued.  JLG further admits that a copy of the '203 patent is attached as Exhibit B to the Complaint.  JLG denies that the '203 patent was duly and legally issued.  JLG is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations set forth in paragraph 18 of the Complaint, and, accordingly, denies the same.

19.     JLG admits that on June 1, 2004 United States Patent No. 6,744,352 ("the '352 patent") entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or more Vehicles, and Between Vehicle and Communications Network" was issued.  JLG further admits that a copy of the '352 patent is attached as Exhibit C to the Complaint.  JLG denies that the '352 patent was duly and legally issued.  JLG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and, accordingly, denies the same.

20.     JLG admits that on March 21, 2006 United States Patent No. 7,015,800 ("the '800 patent") entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" was issued.  JLG further admits that a copy of the '800 patent is attached as Exhibit D to the Complaint. JLG denies that the '800 patent was duly and legally issued.  JLG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and, accordingly, denies the same.

21.     JLG admits that on November 11, 2008 United States Patent No. 7,449,993 ("the '993 patent") entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network" was issued.  JLG further admits that a true and correct copy of the '993 patent is

attached as Exhibit E to the Complaint.  JLG denies that the '993 patent was duly and legally issued. JLG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and, accordingly, denies the same.

22.     JLG admits that the Complaint appears to refer to the '554 patent, the '203 patent, the '352 patent, the '800 patent, and the '993 patent as the "Patents-in-Suit."  To the extent any further response to paragraph 22 of the Complaint is warranted, JLG denies any remaining allegations set forth in paragraph 22 of the Complaint.

23.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 23 of the Complaint and, accordingly, denies the same.

**PATENT INFRINGEMENT**

24.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 24 of the Complaint and, accordingly, denies the same.

25.     JLG denies the allegations contained in paragraph 25 as to it.  As to the allegations regarding other named defendants, JLG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and, accordingly, denies the same.

26.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 26 of the Complaint and, accordingly, denies the same.

27.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 27 of the Complaint and, accordingly, denies the same.

28.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 28 of the Complaint and, accordingly, denies the same.

29.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 29 of the Complaint and, accordingly, denies the same.

30.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 30 of the Complaint and, accordingly, denies the same.

31.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 31 of the Complaint and, accordingly, denies the same.

32.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 32 of the Complaint and, accordingly, denies the same.

33.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 33 of the Complaint and, accordingly, denies the same.

34.     JLG denies the allegations set forth in paragraph 34 of the Complaint.

**O**RIGINAL **A**NSWER OF **D**EFENDANT **JLG I**NDUSTRIES **I**NC. TO **P**LAINTIFF'S **O**RIGINAL **C**OMPLAINT **-- P**AGE **7**

DAL:776333.2

35.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 35 and, accordingly, denies the same.

36.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 36 and, accordingly, denies the same.

37.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 37 and, accordingly, denies the same.

38.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 38 and, accordingly, denies the same.

39.     JLG is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 39 and, accordingly, denies the same.

## JURY DEMAND

JLG admits that Plaintiff has articulated a jury demand.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted against JLG.

2.     Upon information and belief, JLG has not infringed and is not infringing any valid and enforceable claim of any Patent-in-Suit.

3.     Upon information and belief, JLG has not contributed to and is not contributing to the infringement of any valid and enforceable claim of any Patent-in-Suit.

4.     Upon information and belief, JLG has not induced and is not inducing the infringement of any valid and enforceable claim of any Patent-in-Suit.

5.     Upon information and belief, the claims of the Patents-in-Suit are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability, including those

set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations, and laws pertaining thereto.

6.      Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

7.      Plaintiff's claim for injunctive relief must be dismissed because it has an adequate remedy at law and no irreparable harm, at a minimum.

8.      Some or all of the Defendants in this action have been improperly joined.

9.      Plaintiff's claim for damages is limited by 35 U.S.C. § 286.

10.     To the extent Plaintiff may be entitled to damages, any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

11.     Any claim and/or claims of the Patents-in-Suit which may be held to be valid are so restricted in scope, including without limitation due to disclaimer, and/or prosecution history estoppel, that JLG has not infringed such claims.

12.     Should JLG be found to infringe any Patent-in-Suit, such infringement was not willful.

13.     Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. §288.

JLG reserves the right to assert counterclaims and additional affirmative defenses after further investigation, including but not limited to defenses related to validity and enforceability.

WHEREFORE, PREMISES CONSIDERED, Defendant JLG Industries Inc. respectfully requests:

a.      that Plaintiff take nothing by this action;

b.      that Plaintiff's Complaint be dismissed with prejudice;

c.      that the Court declare this case is exceptional under 35 U.S.C. § 285 and that JLG be awarded its costs, expenses, and reasonable attorneys' fees incurred herein; and

d.      that the Court grant such other and further relief to which JLG may show itself justly entitled.

Dated:  September 9, 2010                    Respectfully submitted,


                                            By:  _____ /S/  *Mark A. Shoffner* _____
                                                 Gerald C. Conley
                                                 Texas Bar No. 04664200
                                                 geraldconley@andrewskurth.com
                                                 Tonya M. Gray
                                                 Texas Bar No. 24012726
                                                 tonyagray@andrewskurth.com
                                                 Mark A. Shoffner
                                                 Texas Bar No. 24037490
                                                 markshoffner@andrewskurth.com

                                            ANDREWS KURTH LLP
                                            1717 Main Street, Suite 3700
                                            Dallas, Texas  75201
                                            Telephone: (214) 659-4400
                                            Facsimile:  (214) 659-4401

                                            Mark C. Nelson
                                            Texas State Bar No. 00794361
                                            mcnelson@sonnenschein.com
                                            Sonnenschein Nath & Rosenthal LLP
                                            2000 McKinney Ave., Ste. 1900
                                            Dallas, TX 75201
                                            Telephone: (214) 259-0900
                                            Facsimile: (214) 259-0910

*Of Counsel*:
Kirk R. Ruthenberg
District of Columbia Bar No. 415520
kruthenberg@sonnenschein.com
Sonnenschein Nath & Rosenthal LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005-3364
Telephone: (202) 408-6410
Fax: (202) 408-6399

                                            **ATTORNEYS FOR DEFENDANT
                                            JLG INDUSTRIES INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 9th day of September, 2010.

<u>  /s/ Mark A. Shoffner  </u>