IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>  Plaintiff,<br><br>    v.<br><br>VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR, INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC.,<br><br>  Defendants.<br><br>KOMATSU AMERICA CORP.,<br><br>  Counterclaim Plaintiff,<br><br>    v.<br><br>INNOVATIVE GLOBAL SYSTEMS LLC,<br><br>  Counterclaim Defendant. | Civil No.  6:10-CV-00327-LED<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT/COUNTER-PLAINTIFF KOMATSU AMERICA CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Komatsu America Corp. ("Komatsu") answers Plaintiff Innovative Global Systems LLC's ("IGS") Original Complaint ("the Complaint") as follows:

# I. THE PARTIES

1. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 1 and therefore denies those allegations.

2. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 2 and therefore denies those allegations.

3. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 3 and therefore denies those allegations.

4. Admitted.

5. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 5 and therefore denies those allegations.

6. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 6 and therefore denies those allegations.

7. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies those allegations.

9. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

10. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 11 and therefore denies those allegations.

12. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 12 and therefore denies those allegations.

13. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 13 and therefore denies those allegations.

## II.  JURISDICTION AND VENUE

14. Komatsu admits that this action, as alleged, arises under the patent laws of the United States.  Komatsu admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. § 1338(a).

15. Komatsu will not contest that the Court has personal jurisdiction over it. Komatsu denies infringement, and lacks sufficient knowledge to admit or deny the other allegations of paragraph 15 and therefore denies those allegations.

16. Denied.

## III.  PATENTS-IN SUIT

17. Komatsu admits that what purports to be a copy of United States Patent No. 6,608,554 was attached to the Complaint.  Komatsu lacks sufficient knowledge to admit or deny the other allegations of paragraph 17 and therefore denies those allegations.

18. Komatsu admits that what purports to be a copy of United States Patent No. 6,411,203 was attached to the Complaint.  Komatsu lacks sufficient knowledge to admit or deny the other allegations of paragraph 18 and therefore denies those allegations.

19. Komatsu admits that what purports to be a copy of United States Patent No. 6,744,352 was attached to the Complaint.  Komatsu lacks sufficient knowledge to admit or deny the other allegations of paragraph 19 and therefore denies those allegations.

20. Komatsu admits that what purports to be a copy of United States Patent No. 7,015,800 was attached to the Complaint. Komatsu lacks sufficient knowledge to admit or deny the other allegations of paragraph 20 and therefore denies those allegations.

21. Komatsu admits that what purports to be a copy of United States Patent No. 7,449,993 was attached to the Complaint. Komatsu lacks sufficient knowledge to admit or deny the other allegations of paragraph 21 and therefore denies those allegations.

22. Paragraph 22 contains no factual assertions that require a response from Komatsu.

23. Komatsu denies the allegations of paragraph 23.

### IV. PATENT INFRINGEMENT

24. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 24 and therefore denies those allegations.

25. Komatsu denies infringement, and denies the other allegations of paragraph 25 as they relate to Komatsu. Komatsu lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 25 and therefore denies those allegations.

26. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 26 and therefore denies those allegations.

27. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 27 and therefore denies those allegations.

28. Komatsu admits that it sells a product called KOMTRAX. Komatsu denies infringement, and denies the other allegations of paragraph 28.

29. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 29 and therefore denies those allegations.

30. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 30 and therefore denies those allegations.

31. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 31 and therefore denies those allegations.

32. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 32 and therefore denies those allegations.

33. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 33 and therefore denies those allegations.

34. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 34 and therefore denies those allegations.

35. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 35 and therefore denies those allegations.

36. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 36 and therefore denies those allegations.

37. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 37 and therefore denies those allegations.

38. Komatsu lacks sufficient knowledge to admit or deny the allegations of paragraph 38 and therefore denies those allegations.

39. Komatsu denies infringement, and denies the other allegations of paragraph 39 as they relate to Komatsu.  Komatsu lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 39 and therefore denies those allegations.

## V.  **JURY DEMAND**

Plaintiff's request for a jury trial does not require a response by Komatsu.

## VI.  PRAYER FOR RELIEF

Komatsu requests that the Court deny the relief requested by Plaintiff in its Prayer for Relief.

## VII.  AFFIRMATIVE DEFENSES

40. By way of further answer, and as Affirmative Defenses to the Complaint, Komatsu states as follows:

### FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED)

41. With respect to each purported claim for relief alleged in the Complaint, IGS fails to state a claim against Komatsu upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(INVALIDITY)

42. The claims in the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

(NON-INFRINGEMENT)

43. The relief sought by IGS is barred because Komatsu does not infringe, and has never infringed, the Patents-in-Suit in any way, whether directly, indirectly, contributorily, by inducement, under the Doctrine of Equivalents or in any other manner under the law.  By asserting this affirmative defense, Komatsu does not assume any burden of proof.

## FOURTH AFFIRMATIVE DEFENSE

### (PROSECUTION HISTORY ESTOPPEL)

44. IGS is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the IGS Patents, from making claims that would be broad enough to cover any of Komatsu's products alleged to infringe the IGS Patents, either literally or by application of the doctrine of equivalents. By asserting this affirmative defense, Komatsu does not assume any burden of proof.

## FIFTH AFFIRMATIVE DEFENSE

### (WAIVER)

45. IGS is barred by the doctrines of waiver, equitable estoppel, implied or express license, and/or exhaustion from enforcing the IGS Patents against Komatsu. Under the doctrines of patent exhaustion, implied or express license, estoppel, and have-made rights, the manufacture and sale of the accused products cannot give rise to liability for infringement of such licensed patents. By asserting this affirmative defense, Komatsu does not assume any burden of proof.

## SIXTH AFFIRMATIVE DEFENSE

### (LACHES)

46. The relief sought by IGS is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (LIMITATION ON DAMAGES)

47. IGS's recovery for alleged infringement of the IGS Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its

Complaint, pursuant to 35 U.S.C. § 286. By asserting this affirmative defense, Komatsu does not assume any burden of proof.

### EIGHTH AFFIRMATIVE DEFENSE

(NO RIGHT TO INJUNCTIVE RELIEF)

48. IGS is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and IGS has an adequate remedy at law for any claims it can prove.

### NINTH AFFIRMATIVE DEFENSE

(DEDICATION OF EQUIVALENTS)

49. The relief sought by IGS is barred because all embodiments not literally claimed in the Patents-in-Suit were dedicated to the public.

### TENTH AFFIRMATIVE DEFENSE

(UNCLEAN HANDS)

50. The relief sought by IGS is barred because of IGS's unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

(LACK OF PRIOR NOTICE)

51. The relief sought by IGS for damages prior to actual notice received by Komatsu is barred by, for example, 35 U.S.C. § 287.

### TWELFTH AFFIRMATIVE DEFENSE

(GOVERNMENT SALES)

52. The relief sought by IGS with respect to any sales by Komatsu to the United States government is barred by, for example, 28 U.S.C. § 1498.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

(RESERVATION OF RIGHTS)

53. Komatsu expressly reserves the right to allege and assert additional defenses. Komatsu also expressly incorporates by reference herein all defenses pled by defendants in this action in their respective answers to IGS's Complaint.

## COUNTERCLAIMS

Komatsu America Corp. ("Komatsu") hereby asserts the following Counterclaims against Innovative Global Systems LLC ("IGS") pursuant to 28 U.S.C. §§ 2201 and 2202:

### I.  THE PARTIES

1.  Komatsu is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in Rolling Meadows, Illinois.

2.  Upon information and belief, IGS is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

### II. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.  This Court has personal jurisdiction over IGS because IGS filed the Original Complaint (the "Complaint") in this Court, among other reasons.

5.  Venue is proper, though not most proper, in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### III. BASIS FOR COUNTERCLAIMS

6.  By virtue of the allegations in the Complaint and Komatsu's Answer, an actual controversy exists between IGS and Komatsu as to whether U.S. Patent Nos. 6,411,203; 6,608,554; 6,744,352; 7,015,800; and 7,449,993 ("the Patents-in-Suit") are valid, enforceable, and infringed.

## FIRST COUNTERCLAIM

(DECLARATION OF NON-INFRINGEMENT)

7. Komatsu hereby incorporates the allegations of Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. IGS claims to own the Patents-in-Suit and to possess the exclusive right to enforce the Patents-in-Suit and collect damages for all relevant times.

9. IGS alleges that Komatsu infringes and/or has infringed the Patents-in-Suit.

10. Komatsu's products and services do not infringe, and have never infringed, the Patents-in-Suit.

11. IGS is not entitled to the relief it seeks or to any relief at all for allegations made in the Complaint.

12. Komatsu is entitled to a declaration of non-infringement of the Patents-in-Suit.

## SECOND COUNTERCLAIM

(DECLARATION OF INVALIDITY)

13. Komatsu hereby incorporates the allegations of Paragraphs 1-12 of its Counterclaims as if fully set forth herein.

14. IGS claims that the Patents-in-Suit are valid and enforceable.

15. Each and every claim in the Patents-in-Suit is invalid for failure to satisfy one or more of the conditions for patentability, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or the doctrines of laches and/or estoppel.

16. Komatsu is entitled to a declaration of invalidity of the Patents-in-Suit.

## JURY DEMAND

17. Komatsu hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

18. WHEREFORE, Komatsu prays for judgment and relief with respect to the Complaint and Komatsu's Affirmative Defenses and Counterclaims as follows:

(a) This Court dismiss each claim in the Complaint with prejudice;

(b) This Court enter judgment against IGS and in favor of Komatsu on each claim in the Complaint;

(c) This Court enter judgment in favor of Komatsu and against IGS on each Affirmative Defense in Komatsu's Answer;

(d) This Court declare that Komatsu does not infringe, and has never infringed, the Patents-in-Suit;

(e) This Court declare that the Patents-in-Suit are invalid;

(f) This Court enter judgment in favor of Komatsu and against IGS on each of Komatsu's Counterclaims;

(g) This Court deem this case exceptional and award Komatsu its costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable law;

(h) This Court award Komatsu the maximum allowable pre- and post-judgment interest on any damages or monetary compensation awarded to Komatsu; and

(i) This Court grant or award any other legal or equitable remedy to which Komatsu is or may be entitled.

Dated: September 9, 2010 Respectfully submitted,

**FISH & RICHARDSON P.C.**

/s/ *Ruffin B. Cordell*
Ruffin B. Cordell (Texas Bar # 04820550)
cordell@fr.com
James A. Fussell (SBN 2003193)
fussell@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Ann Cathcart Chaplin (SBN 0284865)
(*admitted pro hac vice*)
cathcartchaplin@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street
3200 RBC Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

*Attorneys for Defendant/Counterclaim-Plaintiff Komatsu America Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2010, I will electronically file the foregoing

**DEFENDANT/COUNTER-PLAINTIFF KOMATSU AMERICA CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael T. Cooke
Jonathan T. Suder
Todd I. Blumenfeld
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Tel: (817) 334-0400
Fax: (817) 334-0401
jts@fsclaw.com
mtc@fsclaw.com
blumenfeld@fsclaw.com

Keith A. Rutherford
R. Scott Reese
Sarah R. Cabello
WONG, CABELLO, LUTSCH,
 RUTHERFORD & BRUCCULERI, LLP
20333 SH 249, Suite 600
Houston, TX 77070
Tel: (832) 446-2400
Fax: (832) 446-2424
krutherford@counselip.com
sreese@counselip.com
scabello@counselip.com

Eric M. Albritton
ERIC M. ALBRITTON, P.C.
P.O. Box 2649
111 West Tyler Street
Longview, TX 75601
Tel: (903) 757-8449 x204
Fax: (903) 758-7397
ema@emafirm.com

Dated: September 9, 2010

*/s/ Ruffin B. Cordell*
Ruffin B. Cordell

60660754.doc