**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, Plaintiff, <br><br> v. <br><br> VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC. Defendants. | Case No. 6:10-CV-00327-LED <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL ANSWER AND
AFFIRMATIVE DEFENSES OF STARTRAK SYSTEMS, LLC**

Defendant StarTrak Systems, LLC ("StarTrak") submits this Answer to Plaintiff

Innovative Global Systems LLC's Original Complaint upon information and belief as follows:

## I.  THE PARTIES

1.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of

the allegations and therefore denies them.

2.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of

the allegations and therefore denies them.

3.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

4.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

5.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

6.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

7.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

8.      Admitted.

9.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

10.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

11.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

12.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

13.      StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

**II.  JURISDICTION AND VENUE**

14.     StarTrak admits that paragraph 14 of Plaintiff's Original complaint purports to state a cause of action for infringement of a United States patent.  StarTrak lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that this Court has exclusive subject matter jurisdiction over this suit.  StarTrak denies the remaining allegations of this paragraph.

15.     Admit that StarTrak is subject to personal jurisdiction in this Court.  StarTrak denies that it transacts business within the Eastern District of Texas.  StarTrak also denies that any StarTrak product infringes any valid claim of the patents-in-suit and therefore denies that it either makes, uses, sells or offers for sale within the Eastern District of Texas any infringing products.  StarTrak has insufficient information to form a belief as to the truth or falsity of the remaining allegations, including whether venue is proper in this Court and therefore denies the same.

16.     The allegations of paragraph 16 describe characterizations and opinions of counsel and not factual allegations, accordingly StarTrak does not need to respond.  StarTrak lacks information sufficient to form a belief as to the truth or falsity of the other allegations and therefore denies them.  StarTrak denies that the Eastern District of Texas is the most efficient venue to hear this lawsuit.

**III. PATENTS-IN-SUIT**

17.     Admitted as to the allegation that a copy of the `554 patent is attached to the Complaint, otherwise denied.

18.     Admitted as to the allegation that a copy of the `203 patent is attached to the Complaint, otherwise denied.

19.     Admitted as to the allegation that a copy of the `352 patent is attached to the Complaint, otherwise denied.

20.     Admitted as to the allegation that a copy of the `800 patent is attached to the Complaint, otherwise denied.

21.     Admitted as to the allegation that a copy of the `993 patent is attached to the Complaint, otherwise denied.

22.     Admitted.

23.     The allegations of paragraph 23 of the Complaint are a characterization of the patents-in-suit by counsel and accordingly StarTrak need not respond as the patents-in-suit speak for themselves, otherwise denied.

## IV. PATENT INFRINGEMENT

24.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25.     Denied with respect to StarTrak.  StarTrak lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

26.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

27.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

28.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

29.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

4

30.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

31.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

32.     StarTrak denies that it infringes any valid claim of any of the patents-in-suit. StarTrak admits that it acquired the assets of Micro Logic, Inc., including its iSite system. StarTrak denies that the iSite system infringes any valid claim of any of the patents-in-suit.

33.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

34.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

35.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

36.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

37.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

38.     StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

39.     With respect to StarTrak, denied. With respect to other defendants, StarTrak lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies them.

## V.  DEMAND FOR JURY TRIAL

StarTrak requests a trial by jury.

## VI. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

StarTrak denies that Plaintiff is entitled to any relief whatsoever from StarTrak, either as set forth in the Complaint or otherwise. StarTrak lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

## AFFIRMATIVE DEFENSES

40. The claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, the rules and/or regulations and laws pertaining therein.

41. Upon information and belief, StarTrak has not directly infringed, induced or contributed to the infringement of others or otherwise infringed any valid claim of the patents-in-suit literally or under the doctrine of equivalents.

42. Upon information and belief, Plaintiff is barred from recovery with respect to StarTrak for any alleged infringement of any of the claims of the Patents-in-Suit under the doctrines of laches and waiver.

43. Any claim of the Patents-in-Suit which may be held to be valid is so restricted in scope, including without limitation due to disclaimer, and/or prosecution history estoppel, that StarTrak has not infringed such claims.

44. Upon information and belief, Plaintiff has not provided StarTrak notice of the Patents-in-Suit and neither Plaintiff nor its licensees have marked in accordance with 35 U.S.C. § 287.

6

45.     Some or all of the Defendants in this action have been improperly joined in a single action.

46.     Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of patent misuse and unclean hands.

47.     The Complaint fails to state a claim upon which relief may be granted.

48.     Any claim for damages in patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within six years before the filing of the Complaint in this action.

49.     Some or all of the Plaintiff's claims for patent infringement are barred in whole or in part by the equitable doctrine of prosecution laches.

50.     Some or all of Plaintiff's claims for patent infringement are barred in whole or in part by the defenses of license and/or patent exhaustion.

51.     Plaintiff's claim for injunctive relief is inappropriate under the law.

52.     Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

53.     StarTrak asserts the defense of improper venue, or *forum non conveniens*, as the Eastern District of Texas is not the most appropriate forum for Plaintiff's claims against StarTrak and there exists one or more convenient districts in which defendants are subject to personal jurisdiction.

## PRAYER FOR RELIEF

StarTrak prays this Court grant the following relief:

(1) Plaintiff be denied all relief it has requested as set forth in its Complaint, and that the Complaint be dismissed with prejudice;

(2) the Court find this case to be an exceptional case and that StarTrak be awarded

its costs and recoverable attorney's fees incurred in having to defend this action

pursuant to 35 U.S.C. § 285 and as otherwise allowed; and

(3) the Court grant StarTrak all other relief to which it is entitled.

### DEMAND FOR JURY TRIAL

To the extent any issue remains in the case that is properly tried by a jury, StarTrak

demands a jury trial.

September 9, 2010

Respectfully submitted,

/s/ Gregory V. Novak
Gregory V. Novak

Gregory V. Novak (Texas State
Bar No. 15119600)
NOVAK DRUCE + QUIGG LLP
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
Telephone: (713) 571-3400
Facsimile:  (713) 456-2836
gregory.novak@novakdruce.com
Attorney for Defendant
STARTRAK SYSTEMS, LLC

8

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of September, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Gregory V. Novak
Gregory V. Novak