**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, <br><br> Plaintiff <br><br> v. <br><br> VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., et al., <br><br> Defendants. | Civil Action No.  6:10-cv-327 (LED/JDL) <br><br> JURY TRIAL DEMANDED |

## ANSWER OF WIRELESS MATRIX USA, LLC

Defendant Wireless Matrix USA, Inc. ("Wireless Matrix") submits this Answer to the Original Complaint ("Complaint") of Innovative Global Systems, LLC ("IGS") upon information and belief as follows:

## I.    THE PARTIES

1.    Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and accordingly, denies the same.

2.    Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and accordingly, denies the same.

3.    Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and accordingly, denies the same.

4.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and accordingly, denies the same.

5.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and accordingly, denies the same.

6.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and accordingly, denies the same.

7.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and accordingly, denies the same.

8.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and accordingly, denies the same.

9.      Wireless Matrix denies the allegations of paragraph 9 of the Complaint.

10.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and accordingly, denies the same.

11.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and accordingly, denies the same.

12.      Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and accordingly, denies the same.

- 2 -

13.   Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and accordingly, denies the same.

## II.   JURISDICTION AND VENUE

14.   Wireless Matrix admits that the Complaint purports to be an action for alleged infringement of United States patents. Wireless Matrix admits that the federal district courts of the United States have exclusive original subject matter jurisdiction over actions for patent infringement pursuant to 28 U.S.C. §§ 1338(a).

15.   To the extent that allegations of paragraph 25 relate to the other defendants, Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of these allegations and, accordingly, denies the same. With respect to allegations against "Wireless Matrix USA, LLC," the allegations of paragraph 25 are denied, as to the knowledge of Wireless Matrix this entity does not exist.

16.   Wireless Matrix admits that this is the third lawsuit filed in this District by IGS asserting five patents relating to telematics. Wireless Matrix admits that the first such lawsuit initiated in the district was *Innovative Global Systems LLC v. Turnpike Global Technologies, Inc., et al.*, No. 6:09-cv-00157, and that the Court issued a provisional claim construction order on June 4, 2010. Wireless Matrix admits that on the date of the filing of the Complaint, that action was pending. Wireless Matrix admits that the second such lawsuit was *Innovative Global Systems LLC v. Teletrac Inc. et al.*, No. 6:10-cv-40, which was pending in this Court as of the date of the filing of the Complaint. Wireless Matrix denies all other allegations and characterizations in paragraph 16 of the Complaint.

- 3 -

13131448.1

III.     PATENTS-IN-SUIT

17.     Wireless Matrix admits that United States Patent No. 6,608,554 ("the '554 patent") purports to have been issued on August 19, 2003, and that it is entitled "Apparatus and Method for Data Communication Between Vehicle and Remote Data Communication Terminal." Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 17 of the Complaint, and accordingly, denies the same.

18.     Wireless Matrix admits that United States Patent No. 6,411,203 ("the '203 patent") purports to have been issued on June 25, 2002, and that it is entitled "Apparatus and Method for Data Communication Between Heavy Duty Vehicle and Remote Data Communication Terminal." Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 18 of the Complaint, and accordingly, denies the same.

19.     Wireless Matrix admits that United States Patent No. 6,744,352 ("the '352 patent") purports to have been issued on June 1, 2004, and that it is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 19 of the Complaint, and accordingly, denies the same.

20.     Wireless Matrix admits that United States Patent No. 7,015,800 ("the '800 patent") purports to have been issued on March 21, 2006, and that it is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Wireless Matrix is without knowledge or

information sufficient to form a belief as to the truth of the other allegations contained in paragraph 20 of the Complaint, and accordingly, denies the same.

21.     Wireless Matrix admits that United States Patent No. 6,608,554 ("the '554 patent") purports to have been issued on November 11, 2008, and that it is entitled "System, Apparatus and Methods for Data Communication Between Vehicle and Remote Data Communication Terminal, Between Portions of Vehicle and Other Portions of Vehicle, Between Two or More Vehicles, and Between Vehicle and Communications Network." Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 21 of the Complaint, and accordingly, denies the same.

22.     Wireless Matrix admits that the Complaint refers to the '554, '203, '352, '800, and '993 patents as the "Patents-in-Suit."

23.     Wireless Matrix denies the irrelevant characterization of the Patents-in-Suit as set forth in paragraph 23 of the Complaint.

## IV.     PATENT INFRINGEMENT

24.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and accordingly, denies the same.

25.     To the extent that allegations of paragraph 25 relate to the other defendants, Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of these allegations and, accordingly, denies the same. With respect to allegations against "Wireless Matrix USA, LLC," the allegations of paragraph 25 are denied, as to the knowledge of Wireless Matrix this entity does not exist.

26.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and accordingly, denies the same.

13131448.1

27.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and accordingly, denies the same.

28.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and accordingly, denies the same.

29.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and accordingly, denies the same.

30.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and accordingly, denies the same.

31.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and accordingly, denies the same.

32.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and accordingly, denies the same.

33.     Wireless Matrix denies the allegations contained in paragraph 33 of the Complaint.

34.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and accordingly, denies the same.

35.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and accordingly, denies the same.

36.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and accordingly, denies the same.

37.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and accordingly, denies the same.

38.     Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and accordingly, denies the same.

39.     To the extent that allegations of paragraph 39 relate to the other defendants, Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of these allegations and, accordingly, denies the same. With respect to allegations against "Wireless Matrix USA, LLC," the allegations of paragraph 39 are denied, as to the knowledge of Wireless Matrix this entity does not exist.

## V.    JURY DEMAND

No response is necessary for IGS's Jury Demand. However, to the extent a response is necessary, Wireless Matrix admits that IGS requests a trial by jury.

## VI.   PRAYER FOR RELIEF

To the extent that IGS's Prayer for Relief relates to the other defendants, Wireless Matrix is without knowledge or information sufficient to form a belief as to the truth of these allegations and, accordingly, denies the same. As to itself, Wireless Matrix denies that IGS is entitled to any relief in this action.

13131448.1

## VII.   GENERAL DENIAL

Wireless Matrix denies all allegations not expressly admitted

## VIII.   DEFENSES

### First Defense: Failure to State a Claim

40.    Wireless Matrix has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims of the Patents-in-Suit. In particular, Wireless Matrix has made allegations relating to "Wireless Matrix USA, LLC," an entity which to the knowledge of Wireless Matrix does not exist.

### Second Defense: Non-Infringement

41.    Wireless Matrix has not infringed and does not infringe, directly or indirectly, willfully or otherwise, any valid claim or claims in the Patents-in-Suit.

### Third Defense: Invalidity

42.    One or more of the claims of the Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense: Prosecution History Estoppel

43.    IGS is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims, whether under the doctrine or equivalents or otherwise, of the Patents-in-Suit to cover any product or activity of Wireless Matrix.

- 8 -

## Fifth Defense: Statutory Limitations on Damages and Costs

44.    IGS's claims for patent infringement damages against Wireless Matrix, if any, are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Sixth Defense: Unavailability of Injunctive Relief

45.    Claims by IGS for injunctive relief against Wireless Matrix are barred as a matter of law because IGS has an adequate remedy at law for all claims included in the Complaint, if any, on which IGS may ultimately prevail.

## Seventh Defense: Unavailability of Injunctive Relief

46.    On information and belief, IGS or previous assignees have rendered the Patents-in-Suit unenforceable under the doctrine of unclean hands.

## Seventh Defense: Misjoinder

47.    Some or all of the defendants in this action have been improperly joined in a single action.

## Eighth Defense: Insufficient Process and Insufficient Service of Process

48.    Wireless Matrix has not been properly joined to this action, and has not been properly served with process. Wireless Matrix received a copy of the Complaint and Summons referring to "Wireless Matrix USA, LLC," an entity which to the knowledge of Wireless Matrix does not exist. Therefore, Wireless Matrix is not a party to this action, and has not been served with process.

## IX.    JURY TRIAL DEMAND

Wireless Matrix demands a trial by jury as to all issues so triable raised in the Original Complaint and in this Answer.

**WHEREFORE**, Wireless Matrix respectfully requests that this Court:

A.     Dismiss IGS's Original Complaint for Patent Infringement as to "Wireless Matrix USA, LLC" and Wireless Matrix with prejudice;

B.     Enter judgment in favor of Wireless Matrix on all counts;

C.     Declare this case exceptional under 35 U.S.C. § 285 and award Wireless Matrix its reasonable attorneys' fees, expenses, and costs incurred in this action; and

D.     Award Wireless Matrix such other and further relief as this Court deems just and proper.


Dated: September 9, 2010                              Respectfully submitted,


 /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com

ATTORNEYS FOR DEFENDANT
WIRELESS MATRIX USA, LLC

13131448.1

**CERTIFICATE OF SERVICE**

I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 9th day of September, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

 /s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux

13131448.1