IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, Plaintiff, <br><br> v. <br><br> VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC. Defendants. | Case No. 6:10-CV-00327-LED <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
OF VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC.**

Defendant Volvo Construction Equipment North America, Inc. ("Volvo Construction") submits this Answer to Plaintiff Innovative Global Systems LLC's Original Complaint upon information and belief as follows:

**I. THE PARTIES**

1.  Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

2.  Admit.

3.  Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

4. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

5. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

6. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

7. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

8. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

9. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

10. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

11. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

12. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

13. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

## II. JURISDICTION AND VENUE

14. Volvo Construction admits that paragraph 14 of Plaintiff's Original complaint purports to state a cause of action for infringement of a United States patent. Volvo Construction

lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that this Court has exclusive subject matter jurisdiction over this suit. Volvo Construction denies the remaining allegations of this paragraph.

15. Admit that there is an authorized dealer of Volvo Construction in the Eastern District of Texas, Tyler Division. Volvo Construction denies it is subject to personal jurisdiction in this Court. Volvo Construction has insufficient information to form a belief as to the truth of falsity of whether it transacts business within the Eastern District of Texas, and therefore denies the same. Volvo Construction denies that any Volvo Construction product infringes any valid claim of the patents-in-suit and therefore denies that it either makes, uses, sells or offers for sale within the Eastern District of Texas any infringing products. Volvo Construction has insufficient information to form a belief as to the truth or falsity of the remaining allegations, including whether venue is proper in this Court and therefore denies the same.

16. The allegations of paragraph 16 describe characterizations and opinions of counsel and not factual allegations, accordingly Volvo Construction does not need to respond, and otherwise denies same. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the other allegations and therefore denies them. Volvo Construction denies that the Eastern District of Texas is the most efficient venue to hear this lawsuit.

### III. PATENTS-IN-SUIT

17. Admitted as to the allegation that a copy of the `554 patent is attached to the Complaint, otherwise denied.

18. Admitted as to the allegation that a copy of the `203 patent is attached to the Complaint, otherwise denied.

19. Admitted as to the allegation that a copy of the `352 patent is attached to the Complaint, otherwise denied.

20. Admitted as to the allegation that a copy of the `800 patent is attached to the Complaint, otherwise denied.

21. Admitted as to the allegation that a copy of the `993 patent is attached to the Complaint, otherwise denied.

22. Admitted.

23. The allegations of paragraph 23 of the Complaint are a characterization of the patents-in-suit by counsel and accordingly Volvo Construction need not respond as the patents-in-suit speak for themselves, otherwise denied.

## IV. PATENT INFRINGEMENT

24. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25. Denied with respect to Volvo Construction. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

26. Volvo Construction denies that it infringes any valid claim of any of the patents-in-suit. Volvo Construction denies that the Volvo CareTrack product infringes any valid claim of any of the patents-in-suit.

27. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

28. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

29. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

30. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

31. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

32. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

33. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

34. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

35. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

36. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

37. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

38. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

39. With respect to Volvo Construction, denied. With respect to other defendants, Volvo Construction lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies them.

## V. DEMAND FOR JURY TRIAL

Volvo Construction requests a trial by jury.

## VI. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Volvo Construction denies that Plaintiff is entitled to any relief whatsoever from Volvo Construction, either as set forth in the Complaint or otherwise. Volvo Construction lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

### AFFIRMATIVE DEFENSES

40. The claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, the rules and/or regulations and laws pertaining therein.

41. Upon information and belief, Volvo Construction has not induced or contributed to the infringement of others or otherwise infringed any valid claim of the patents-in-suit.

42. Upon information and belief, Plaintiff is barred from recovery with respect to Volvo Construction for any alleged infringement of any of the claims of the Patents-in-Suit under the doctrines of laches and waiver.

43. Any claim of the Patents-in-Suit which may be held to be valid is so restricted in scope, including without limitation due to disclaimer, and/or prosecution history estoppel, that Volvo Construction has not infringed such claims.

44. Upon information and belief, Plaintiff has not provided Volvo Construction notice of the Patents-in-Suit and neither Plaintiff nor its licensees have marked in accordance with 35 U.S.C. § 287.

45. Some or all of the Defendants in this action have been improperly joined in a single action.

46. Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of patent misuse and unclean hands.

47. The Complaint fails to state a claim upon which relief may be granted.

48. Any claim for damages in patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within six years before the filing of the Complaint in this action.

49. Some or all of the Plaintiff's claims for patent infringement are barred in whole or in part by the equitable doctrine of prosecution laches.

50. Some or all of Plaintiff's claims for patent infringement are barred in whole or in part by the defenses of license and/or patent exhaustion.

51. Plaintiff's claim for injunctive relief is inappropriate under the law.

52. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

53. Volvo Construction asserts the defense of improper venue, or *forum non conveniens*, as the Eastern District of Texas is not the most appropriate forum for Plaintiff's claims against Volvo Construction.

## COUNTERCLAIMS

Counter-Plaintiff Volvo Construction Equipment North America, Inc. ("Volvo Construction") asserts the following counterclaims against Counter-Defendant Innovative Global Systems LLC ("IGS"):

## GENERAL ALLEGATIONS

54. Volvo Construction is a Delaware Corporation with its principal place of business located in Asheville, North Carolina.

55. On information and belief, IGS is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

56. This is a civil action involving allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Volvo Construction seeks declaratory judgment under the Declaratory Judgment Act. Thus the Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

57. This Court has personal jurisdiction over IGS because IGS sued Volvo Construction in this judicial district and because, on information and belief, IGS regularly conducts business activities in the state of Texas and in this judicial district.

58. Subject to Volvo Construction's defense of improper venue/*forum non conveniens*, Venue is proper for Volvo Construction's counterclaims based on 28 U.S.C. §§ 1391 and 1400 and because IGS sued Volvo Construction in this judicial district.

**COUNT I**
**(The Patents-In-Suit Are Not Infringed)**

59. Volvo Construction repeats and incorporates herein by reference in their entirety Paragraphs 57-61 of this Counterclaim.

60. IGS contends that Volvo Construction infringes the `554, `203, `352, `800, and `993 patents (collectively, the "Patents-In-Suit").

61. Volvo Construction denies IGS's contentions and alleges that the Patents-In-Suit and each of their claims are not infringed, either literally or under the doctrine of equivalents.

62. An actual, live and justiciable controversy exists between Volvo Construction and IGS as to whether Volvo Construction's truck products infringe IGS's alleged rights under the Patents-In-Suit.

63. As a result, Volvo Construction seeks, and is entitled to, a judgment against IGS that the Patents-In-Suit, and each of their claims, are not infringed, either literally or under the doctrine of equivalents.

## COUNT II
### (The Patents-In-Suit Are Invalid)

64. Volvo Construction repeats and incorporates herein by reference in their entirety Paragraphs 57-61 of this Counterclaim.

65. IGS contends that the Patents-In-Suit are valid and enforceable.

66. Volvo Construction denies IGS's contentions and alleges that the Patents-In-Suit and each of their claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

67. An actual, live and justiciable controversy exists between Volvo Construction and IGS as to whether the Patents-In-Suit and each of their claims are valid.

68. As a result Volvo Construction seeks, and is entitled to, a judgment against IGS that the Patents-In-Suit, and each of their claims, are invalid.

## PRAYER FOR RELIEF

Volvo Construction prays this Court grant the following relief:

(1) that Plaintiff be denied all relief it has requested as set forth in its Complaint, and that the Complaint be dismissed with prejudice;

(2) that the Court find this case to be an exceptional case and that Volvo Construction be awarded its costs and recoverable attorney's fees incurred in having to defend this action pursuant to 35 U.S.C. § 285 and as otherwise allowed;

(3) that the Court Grant determine and declare that Volvo Construction does not infringe, literally or under the doctrine of equivalents, any valid claim of the Patents-In-Suit;

(4) that the Court determine and declare that the claims of the Patents-in-Suit are invalid;

(5) that the Court determine and declare that Volvo Construction may operate free of any patent infringement claims by IGS; and

(6) that the Court grant Volvo Construction all other relief to which it is entitled.

Respectfully submitted,

/s/ Gregory V. Novak
Gregory V. Novak

Gregory V. Novak (Texas State
Bar No. 15119600)
NOVAK DRUCE + QUIGG LLP
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
Telephone: (713) 571-3400
Facsimile:  (713) 456-2836
gregory.novak@novakdruce.com
Attorney for VOLVO CONSTRUCTION
EQUIPMENT NORTH AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of September, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Gregory V. Novak
Gregory V. Novak