IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, Plaintiff, <br><br> v. <br><br> VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC. Defendants. | Case No. 6:10-CV-00327-LED <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF VOLVO TRUCKS NORTH AMERICA**

Volvo Trucks North America ("Volvo Trucks") submits this Answer to Plaintiff Innovative Global Systems LLC's Original Complaint upon information and belief as follows:

**I. THE PARTIES**

1. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

2. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

3. Admit that Volvo Trucks North America, Inc. was an independent corporation organized and existing under the laws of the State of Delaware, with its principle place of

business located in Greensboro, NC until at least 2005.  Admit that, since at least 2009, Volvo Trucks North America is an operating unit of Volvo Group North America, LLC.  Admit that the agent for service is CT Corporation Systems of 225 Hillsborough Street, Raleigh NC.  Admit that Volvo Group North America, LLC assumes all potential liabilities for its operating unit, Volvo Trucks North America, related to Case No. 6:10-CV-00327-LED. Volvo Trucks denies the remaining allegations of this paragraph.

   4. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   5. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   6. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   7. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   8. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   9. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   10. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

   11. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

12. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

13. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

## II. JURISDICTION AND VENUE

14. Volvo Trucks admits that paragraph 14 of Plaintiff's Original complaint purports to state a cause of action for infringement of a United States patent. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that this Court has exclusive subject matter jurisdiction over this suit. Volvo Trucks denies the remaining allegations of this paragraph.

15. Admit that there is at least one authorized dealer of Volvo Trucks in the Eastern District of Texas. Volvo Trucks denies it is subject to personal jurisdiction in this Court. Volvo Trucks has insufficient information to form a belief as to the truth of falsity of whether it transacts business within the Eastern District of Texas, and therefore denies the same. Volvo Trucks denies that any Volvo Trucks product infringes any valid claim of the patents-in-suit and therefore denies that it either makes, uses, sells or offers for sale within the Eastern District of Texas any infringing products. Volvo Trucks has insufficient information to form a belief as to the truth or falsity of the remaining allegations, including whether venue is proper in this Court and therefore denies the same. Volvo Trucks denies the remaining allegations of this paragraph.

16. The allegations of paragraph 16 describe characterizations and opinions of counsel and not factual allegations, accordingly Volvo Trucks does not need to respond, and otherwise denies same. Volvo Trucks lacks information sufficient to form a belief as to the truth

or falsity of the other allegations and therefore denies them. Volvo Trucks denies that the Eastern District of Texas is the most efficient venue to hear this lawsuit.

### III. PATENTS-IN-SUIT

17. Admitted as to the allegation that a copy of the `554 patent is attached to the Complaint, otherwise denied.

18. Admitted as to the allegation that a copy of the `203 patent is attached to the Complaint, otherwise denied.

19. Admitted as to the allegation that a copy of the `352 patent is attached to the Complaint, otherwise denied.

20. Admitted as to the allegation that a copy of the `800 patent is attached to the Complaint, otherwise denied.

21. Admitted as to the allegation that a copy of the `993 patent is attached to the Complaint, otherwise denied.

22. Admitted.

23. The allegations of paragraph 23 of the Complaint are a characterization of the patents-in-suit by counsel and accordingly Volvo Trucks need not respond as the patents-in-suit speak for themselves, otherwise denied.

### IV. PATENT INFRINGEMENT

24. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

25. Denied with respect to Volvo Trucks. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

26. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

27. Volvo Trucks denies that it infringes any valid claim of any of the patents-in-suit. Volvo Trucks denies that the Volvo Link system infringes any valid claim of any of the patents-in-suit.

28. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

29. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

30. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

31. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

32. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

33. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

34. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

35. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

36. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

37. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

38. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

39. With respect to Volvo Trucks, denied. With respect to other defendants, Volvo Trucks lacks sufficient information to form a belief as to the truth or falsity of the allegations and therefore denies them.

## V.  DEMAND FOR JURY TRIAL

Volvo Trucks requests a trial by jury.

## VI. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Volvo Trucks denies that Plaintiff is entitled to any relief whatsoever from Volvo Trucks, either as set forth in the Complaint or otherwise. Volvo Trucks lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

## AFFIRMATIVE DEFENSES

40. The claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, the rules and/or regulations and laws pertaining therein.

41. Upon information and belief, Volvo Trucks has not induced or contributed to the infringement of others or otherwise infringed any valid claim of the patents-in-suit.

42. Upon information and belief, Plaintiff is barred from recovery with respect to Volvo Trucks for any alleged infringement of any of the claims of the Patents-in-Suit under the doctrines of laches and waiver.

43. Any claim of the Patents-in-Suit which may be held to be valid is so restricted in scope, including without limitation due to disclaimer, and/or prosecution history estoppel, that Volvo Trucks has not infringed such claims.

44. Upon information and belief, Plaintiff has not provided Volvo Trucks notice of the Patents-in-Suit prior to suit and neither Plaintiff nor its licensees have marked in accordance with 35 U.S.C. § 287.

45. Some or all of the Defendants in this action have been improperly joined in a single action.

46. Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of patent misuse and unclean hands.

47. The Complaint fails to state a claim upon which relief may be granted.

48. Any claim for damages in patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within six years before the filing of the Complaint in this action.

49. Some or all of the Plaintiff's claims for patent infringement are barred in whole or in part by the equitable doctrine of prosecution laches.

50. Some or all of Plaintiff's claims for patent infringement are barred in whole or in part by the defenses of license and/or patent exhaustion.

51. Plaintiff's claim for injunctive relief is inappropriate under the law.

52. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

53. Volvo Trucks asserts the defense of improper venue, or *forum non conveniens*, as the Eastern District of Texas is not the most appropriate forum for Plaintiff's claims against Volvo Trucks.

## COUNTERCLAIMS

Counter-Plaintiff Volvo Trucks North America ("Volvo Trucks"), an operating unit of Volvo Group North America, LLC, asserts the following counterclaims against Counter-Defendant Innovative Global Systems LLC ("IGS"):

### GENERAL ALLEGATIONS

54. Volvo Trucks North America is an operating unit of Volvo Group North America, LLC, a Delaware limited liability corporation.

55. On information and belief, IGS is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in Rock Hill, South Carolina.

56. This is a civil action involving allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Volvo Trucks seeks declaratory judgment under the Declaratory Judgment Act. Thus the Court has jurisdiction over the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

57. This Court has personal jurisdiction over IGS because IGS sued Volvo Trucks in this judicial district and because, on information and belief, IGS regularly conducts business activities in the state of Texas and in this judicial district.

58. Subject to Volvo Trucks' defense of improper venue/*forum non conveniens*, Venue is proper for Volvo Trucks' counterclaims based on 28 U.S.C. §§ 1391 and 1400 and because IGS sued Volvo Trucks in this judicial district.

### COUNT I
### (The Patents-In-Suit Are Not Infringed)

59. Volvo Trucks repeats and incorporates herein by reference in their entirety Paragraphs 57-61 of this Counterclaim.

60. IGS contends that Volvo Trucks infringes the `554, `203, `352, `800, and `993 patents (collectively, the "Patents-In-Suit").

61. Volvo Trucks denies IGS's contentions and alleges that the Patents-In-Suit and each of their claims are not infringed, either literally or under the doctrine of equivalents.

62. An actual, live and justiciable controversy exists between Volvo Trucks and IGS as to whether Volvo Trucks' truck products infringe IGS's alleged rights under the Patents-In-Suit.

63. As a result, Volvo Trucks seeks, and is entitled to, a judgment against IGS that the Patents-In-Suit, and each of their claims, are not infringed, either literally or under the doctrine of equivalents.

## COUNT II
### (The Patents-In-Suit Are Invalid)

64. Volvo Trucks repeats and incorporates herein by reference in their entirety Paragraphs 57-61 of this Counterclaim.

65. IGS contends that the Patents-In-Suit are valid and enforceable.

66. Volvo Trucks denies IGS's contentions and alleges that the Patents-In-Suit and each of their claims are invalid for failing to meet one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

67. An actual, live and justiciable controversy exists between Volvo Trucks and IGS as to whether the Patents-In-Suit and each of their claims are valid.

68. As a result Volvo Trucks seeks, and is entitled to, a judgment against IGS that the Patents-In-Suit, and each of their claims, are invalid.

**PRAYER FOR RELIEF**

Volvo Trucks prays this Court grant the following relief:

(1) that Plaintiff be denied all relief it has requested as set forth in its Complaint, and that the Complaint be dismissed with prejudice;

(2) that the Court find this case to be an exceptional case and that Volvo Trucks be awarded its costs and recoverable attorney's fees incurred in having to defend this action pursuant to 35 U.S.C. § 285 and as otherwise allowed;

(3) that the Court Grant determine and declare that Volvo Trucks does not infringe, literally or under the doctrine of equivalents, any valid claim of the Patents-In-Suit;

(4) that the Court determine and declare that the claims of the Patents-in-Suit are invalid;

(5) that the Court determine and declare that Volvo Trucks may operate free of any patent infringement claims by IGS; and

(6) that the Court grant Volvo Trucks all other relief to which it is entitled.

Respectfully submitted,

/s/ Gregory V. Novak
Gregory V. Novak

Gregory V. Novak (Texas State
Bar No. 15119600)
NOVAK DRUCE + QUIGG LLP
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
Telephone: (713) 571-3400
Facsimile:  (713) 456-2836
gregory.novak@novakdruce.com
Attorney for
VOLVO TRUCKS NORTH AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of September, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                  /s/ Gregory V. Novak
                                                  Gregory V. Novak