# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| INNOVATIVE GLOBAL SYSTEMS LLC, Plaintiff, <br><br> v. <br><br> VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, INC., VOLVO TRUCKS NORTH AMERICA, INC., KOMATSU AMERICA CORP., CATERPILLAR INC., HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., TOPCON TIERRA, STARTRAK SYSTEMS, LLC, WIRELESS MATRIX USA, LLC, JLG INDUSTRIES INC., TYLER TECHNOLOGIES, INC., GEOTAB, INC., and NAVISTAR, INC. Defendants. | Case No. 6:10-CV-00327-LED <br><br> **JURY TRIAL DEMANDED** |

## JOINT SUBMISSION REGARDING DOCKET CONTROL ORDER AND DISCOVERY ORDER

Pursuant to the Court's Order (Docket No. 142), the Plaintiff and the Defendants submit this "Joint Submission" setting forth the remaining, limited disagreements between the parties as to the Docket Control Order and the Discovery Order required by the Court. A proposed Discovery Order and Docket Control Order outlining the Defendants' and Plaintiff's respective proposals are attached hereto as Exhibit A and Exhibit B respectively. The Parties respectfully request the Court's assistance in resolving the remaining disputes.

**I. INTRODUCTION**

The parties have negotiated in good faith and have resolved substantial disagreements; however, two disputes remain. First, with respect to the Discovery Order, the Plaintiff and

Defendants differ on limitations regarding deposition hours. Second, with respect to the Docket Control Order, the Plaintiff and Defendants differ on the appropriate deadline for amending counterclaims.

## II. DEPOSITION HOURS

### A. The Parties' Proposals

**Plaintiff's Proposal:** With respect to the depositions of the parties, depositions of third parties, depositions on written questions of custodians of business records for third parties, each side will have an upper collective limit of 150 hours of such fact deposition time per side; provided, however, that regardless of the number of persons designated by a party to testify per Rule 30(b)(6), the collective number of deposition hours for such designees shall not exceed thirty (30) hours. These limits do not apply to the parties' expert witnesses. "Side" means a party or a group of parties with a common interest.

**Defendants' Proposal:** With respect to the depositions of the parties, depositions of third parties, depositions on written questions of custodians of business records for third parties, each side will have an upper collective limit of 150 hours of such fact deposition time per side; provided, however, that regardless of the number of persons designated by a party to testify per Rule 30(b)(6), the collective number of deposition hours for such designees shall not exceed thirty (30) hours. Further, Mr. Lesesky may be deposed for 24 hours total by the Defendants. These limits do not apply to the parties' expert witnesses. "Side" means a party or a group of parties with a common interest.

### B. The Defendants' Position

Plaintiff's and Defendants' proposals differ only as to one deposition hour limit. Defendants seek confirmation that they will be able to depose Mr. Lesesky, in his individual

capacity, for a total of 24 hours as allocated among the Defendants; Plaintiff does not specify whether it will permit Mr. Lesesky to be deposed in his personal capacity in excess of 7 hours total.

Defendants seek this confirmation based on the understanding that the Plaintiff entity consists of only two individuals, with only one individual, Mr. Lesesky, one of the named inventors, likely to have personal knowledge of Plaintiff's patents and enforcement activities. Defendants' proposal is reasonable in that Mr. Lesesky would likely be noticed for deposition by each of the remaining Defendants in this action. Defendants understand the burden this may place on Mr. Lesesky as to multiple, uncoordinated depositions and therefore have collectively agreed to coordinate among themselves and allocate sufficient time so that each Defendant may examine Mr. Lesesky for a more limited time period.

Under Plaintiff's proposal, which is silent with respect to Mr. Lesesky in his individual capacity, Plaintiff could conceivably seek to limit Mr. Lesesky's deposition time to 7 hours total in his individual capacity. Under Plaintiff's scenario, because of the number of Defendants in this action, each Defendant would be allocated approximately 1 hour each of examination time with Mr. Lesesky. Defendants' proposal addresses this imbalance, and consistent with FRCP 30(d1), the Court can "allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent …."

Further, because Mr. Lesesky is likely the only individual of Plaintiff's organization that Defendants may depose in an individual capacity, Defendants proposal merely seeks confirmation that each Defendant will be permitted an adequate opportunity to examine Mr. Lesesky about each of the five patents asserted in this litigation. For this reason, Defendants

reasonably request confirmation that they will be permitted, collectively, 24 total hours of deposition time of Mr. Lesesky in his personal capacity.

### C. The Plaintiff's Position

Plaintiff sees no reason why Federal Rule of Civil Procedure 30(d)(1)'s limit on individual depositions of 7 hours should be ignored or changed.  Nor does Plaintiff believe it appropriate that one person be subjected to 54 hours of deposition (30+24) – assuming *arguendo* that Mr. Lesesky will in fact be the only person to be designated by Plaintiff.  That Defendants potentially may have 37 (30+7) hours with one person is enough.  This is especially true in light of Defendants' professed intent to coordinate examinations among themselves.

Plaintiff also points out that four Defendants have been dismissed to date, with a fifth stipulation of dismissal being filed today.  Thus, the number of hours available to Defendants is ever-growing.

## III.   AMENDMENTS TO COUNTERCLAIMS

### A. The Parties' Proposals

**Defendants' Proposal:**  The Defendants propose to set a deadline of June 9, 2011 for the assertion of any counterclaims or the addition of inequitable conduct allegations to the pleadings.  Thereafter, leave of Court must be obtained to assert counterclaims or raise inequitable conduct.

**Plaintiff's Proposal:**  The Plaintiff proposes that this deadline be set to January 24, 2011, after which leave of Court must be obtained to assert any counterclaims.

### B. The Defendants' Position

The Defendants' proposal is more reasonable inasmuch as it permits some discovery of the Plaintiff to be taken before the requirement that the Defendants amend the pleadings to either raise a counterclaim or inequitable conduct.  The Plaintiff's proposal requires that the

Defendants' make this final determination on the day that their LR 3-3 and 3-4 contentions and disclosures are due. Counterclaims may not be perfected absent such discovery. For example, inequitable conduct requires some modicum of intent. Such intent may only be uncovered from depositions of the inventor and prosecuting attorneys. Accordingly, Plaintiff's proposal is simply a mechanism to force Defendants to engage in expensive motion practice to seek leave of the Court should such issues are uncovered.

### C.  The Plaintiff's Position

Plaintiff's proposal mirrors the deadline set forth in Magistrate Judge Love's and Judge Davis' standard docket control orders by requiring any counterclaims, including inequitable conduct claims, to be asserted at the same time as Defendants' P.R. 3-3 and P.R. 3-4 disclosures. There is no reason Defendants need an extra six months from the date preferred by this Court. Defendants can conduct their discovery beyond the proposed January 24, 2011 deadline and still be able to assert any counterclaim upon obtaining leave of court.

This Court previously addressed the Parties' dispute on this issue in another suit on the same patents – *Innovative Global Systems, LLC v. Turnpike Global Technologies*, *LLC, et. al.*, Cause No. 6:09-cv-00157. The Court's Docket Control Order in that suit implemented the Court's standard language.

### IV.  CONCLUSION

For the reasons set forth above, the parties respectfully request that the Court resolve the remaining disagreements between the parties regarding the attached proposed Docket Control Order and Discovery Order.

                                                  Respectfully Submitted,

**Dated:  December 3, 2010**.

    /s/                                                   /s/

| | |
|---|---|
| Michael T. Cooke<br>  State Bar No. 04759650<br>Jonathan T. Suder<br>  State Bar No. 19463350<br>Todd I. Blumenfeld<br>  State Bar No. 24067518<br>FRIEDMAN, SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 East 4th Street, Suite 200<br>Fort Worth, Texas 76102<br>Ph.:  (817) 334 0400<br>Fax: (817) 334 0401<br>jts@fsclaw.com<br>mtc@fsclaw.com<br>blumenfeld@fsclaw.com<br><br>Keith A. Rutherford<br>R. Scott Reese<br>Sarah R. Cabello<br>WONG, CABELLO, LUTSCH,<br>  RUTHERFORD & BRUCCULERI, LLP<br>20333 SH 249, Suite 600<br>Houston, TX  77070<br>Ph.:  (832) 446-2400<br>Fax: (832) 446-2424<br>krutherford@counselip.com<br>sreese@counselip.com<br>scabello@counselip.com<br><br>Eric M. Albritton<br>ERIC M. ALBRITTON, P.C.<br>P.O. Box 2649<br>111 West Tyler Street<br>Longview, TX  75601<br>Ph.:  (903) 757-8449 x204<br>Fax: (903) 758-7397<br>ema@emafirm.com<br><br>Thomas John Ward, Jr.<br>Jack Wesley Hill | Gregory Vincent Novak<br>  State Bar No. 15119600<br>Aaron Michael Levine<br>  State Bar No.:  DC-474,657; NY-2997203<br>NOVAK DRUCE + QUIGG LLP<br>1000 Louisiana St., 53rd Floor<br>Houston, Texas 77002<br>Ph.:  713.571.3400<br>Fax:  713.456.2836<br>greg.novak@novakdruce.com<br>aaron.levine@novakdruce.com<br><br>Robert F. Kramer<br>  CA Bar No. 181706<br>NOVAK DRUCE + QUIGG LLP<br>555 Mission Street, 34th Floor<br>San Francisco, CA 94105<br>Direct:  (415) 814-6161<br>Main:  (415) 814-6150<br>Fax:   (415) 814-6165<br>robert.kramer@novakdruce.com<br><br>James J. Guiliano<br>  State Bar No.:  NY-2791291<br>NOVAK DRUCE + QUIGG LLP<br>300 New Jersey Ave., NW, Fifth Floor<br>Washington, DC  20001<br>Ph.:  202-659-0100<br>Fax: 202-659-0105<br>jay.juiliano@novakdruce.com<br><br>ATTORNEYS FOR DEFENDANTS<br>VOLVO CONSTRUCTION EQUIPMENT<br>NORH AMERICA, INC., VOLVO TRUCKS<br>NORTH AMERICA, INC., and STARTRAK<br>SYSTEMS, LLC |

| | |
|---|---|
| WARD & SMITH LAW FIRM<br>P.O. Box 1231<br>Longview, TX 75606-1231<br>Ph. (903) 757-6400<br>Fax (903) 757-2323<br>jw@jwfirm.com<br>wh@emafirm.com<br><br>ATTORNEYS FOR PLAINTIFF<br>INNOVATIVE GLOBAL SYSTEMS, LLC<br><br><br>___/s/_____<br>Robert G. Abrams<br>  DC Bar No. 211557<br>Gregory J. Commins, Jr.<br>  DC Bar No. 435440<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Ph: 202-383-6935<br>Fax: 202-318-8399<br>abramsr@howrey.com<br>comminsg@howrey.com<br><br>Gary James Fischman<br>  State Bar No. 0787469<br>HOWREY LLP<br>1111 Louisiana, 25th Floor<br>Houston, TX 77002-5242<br>Ph. 713-787-1437<br>Fax: 713-787-1440<br>fischmang@howrey.com<br><br>ATTORNEYS FOR DEFENDANT<br>CATERPILLAR, INC.<br><br><br><br>___/s/_____<br>Gerald C. Conley<br>  State Bar No. 04664200<br>Tonya M. Gray<br>  State Bar No. 24012726 | ___/s/_____<br>Ruffin B. Cordell<br>  State Bar No. 04820550<br>Mathias W. Samuel<br>  State Bar No. 0791596<br>James A. Fussell, III<br>  State Bar No. 2003193<br>FISH & RICHARDSON P.C.<br>1425 K Street N.W., Suite 1100<br>Washington, DC 20005-3500<br>Ph: 202-783-5070<br>Fax 202-783-2331<br>cordell@fr.com<br>samuel@fr.com<br>fussell@fr.com<br><br>Ann N. Cathcart Chaplin<br>  State Bar No. 0284865<br>FISH & RICHARDSON P.C.<br>60 S. 6th Street, Suite 3200<br>Minneapolis, MN 55402<br>Ph.: 612-335-5070<br>Fax: 612-288-9696<br>cathcartchaplin@fr.com<br><br>Jennifer Parker Ainsworth<br>  State Bar No.00784720<br>WILSON, ROBERTSON & CORNELIUS, P.C.<br>909 ESE Loop 323, Suite 400<br>P.O. Box 7339 [75711]<br>Tyler, Texas 75701<br>Ph.: (903) 509-5000<br>Fax: (903) 509-5092<br>jainsworth@wilsonlawfirm.com<br><br>ATTORNEYS FOR DEFENDANT<br>KOMATSU AMERICA CORP.<br><br><br><br>_____/s/_____<br>Robert A. Van Nest<br>  Bar No. CA 84065<br>Eugene M. Paige<br>  Bar No. CA _____ |

Mark A. Shoffner -- 214.659.4709
  State Bar No. 24037490
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Ph.: 214.659.4400
Fax: 214.659.4401
geraldconley@andrewskurth.com
tonyagray@andrewskurth.com
markshoffner@andrewskurth.com

Mark C. Nelson
  State Bar No. 00794361
SONNENSCHEIN NATH & ROSENTHAL LLP
2000 McKinney Ave., Ste. 1900
Dallas, TX 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0910
mcnelson@sonnenschein.com

Kirk R. Ruthenberg
  District of Columbia Bar No. 415520
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005-3364
Telephone: (202) 408-6410
Fax: (202) 408-6399
kruthenberg@sonnenschein.com

ATTORNEYS FOR DEFENDANT
JLG INDUSTRIES, INC.

Daniel K. Nazer
  Bar No. CA _____
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704
Ph. (415) 391-5400
Fax: (415) 397-7188
rvannest@kvn.com
emp@kvn.com
dnazer@kvn.com

Michael E. Jones
  State Bar No. 10929400
Allen Franklin Gardner
  State Bar No. 24043679
POTTER MINTON PC
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX 75710-0359
Ph. (903) 597-8311
Fax (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com

ATTORNEYS FOR DEFENDANT
TOPCON TIERRA


_____/s/_____
Robert E. Krebs
NIXON PEABODY LLP
2 Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, CA 94306-2106
Ph.: (650) 320-7743
Cell: (650) 534-8837
Fax: (866) 292-9599
rkrebs@nixonpeabody.com

Sidney Calvin Capshaw, III – 903-233-4826
  State Bar No. 03783900
Elizabeth L. DeRieux – 903-233-4816
  State Bar No. 05770585
CAPSHAW DERIEUX, LLP

                                                1127 Judson Road, Suite 220  
                                                Longview, Texas 75601-5157  
                                                Ph: 903-236-9800  
                                                Fax: 903-236-8787  
                                                ccapshaw@capshawlaw.com  
                                                ederieux@capshawlaw.com

                                                ATTORNEYS FOR DEFENDANT  
                                                WIRELESS MATRIX USA, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of December, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                   <u>/s/ Gary J. Fischman</u>
                   Gary J. Fischman